GERTRUDE D. REED, APPELLANT, v. OCCIDENTAL BUILDING & LOAN ASSOCIATION ET AL., APPELLEES.

FILED MARCH 18, 1932. NO. 28119.

*Gertrude D. Reed, pro se.*

*Ellery H. Westerfield, Claude S. Wilson, Roy F. Gilke-son* and *Hymen Rosenberg, contra.*

Heard before ROSE, GOOD and EBERLY, JJ., and CARTER and CHASE, District Judges.

CARTER, District Judge.

This is a case brought in the district court for Lancaster county by the plaintiff, appellant herein, against Trevelyan E. Gillaspie and the Occidental Building & Loan Association, defendants and appellees herein, alleging that on September 18, 1918, the defendant Occidental Building & Loan Association recovered a judgment in the district court for Lancaster county against the defendant Trevelyan E. Gillaspie, in the sum of $1,126.57 with interest at the rate of 10 per cent. per annum from the date of said judgment; that on December 22, 1920, the defendant Occidental Building & Loan Association assigned said judgment in writing to the plaintiff Gertrude D. Reed; that said assignment was placed of record on September 5, 1925, and that the defendant Gillaspie had actual knowledge of said assignment on and after its execution; that after the recording of said assignment, with full knowledge of the same by the defendant Gillaspie, the Occidental Building & Loan Association executed and delivered to said Gillaspie a release of said judgment which was filed with the clerk of the district court for Lancaster county on September 1, 1929.

Plaintiff further alleges that the defendants Gillaspie and the Occidental Building & Loan Association secretly conspired together to release said judgment and to prevent plaintiff from enforcing said judgment against the defendant Gillaspie; that pursuant to said conspiracy the Occidental Building & Loan Association, without the consent or knowledge of the plaintiff, and without paying plaintiff the amount she was entitled to recover by virtue of said assignment, executed and delivered the release of judgment hereinbefore mentioned.

Plaintiff further alleges that said judgment became dormant in September, 1923; that defendant knew that plaintiff was endeavoring to locate property subject to execution belonging to Gillaspie; that she had made preparation to revive said judgment, and that she would enforce said judgment against the defendant Gillaspie. Plaintiff thereupon prayed for judgment for damages against both defendants in the sum of $1,126.57 and interest and costs.

From the judgment of the lower court sustaining a general demurrer and dismissing plaintiff's petition, the plaintiff appeals.

The assignment through which the plaintiff claims a right in the original judgment is as follows: "For one-third of the original judgment, to be paid me when the judgment is collected, or for one-third of the amount collected, if less than the original judgment is accepted in settlement, I hereby assign to Gertrude D. Reed, all rights and interests in and to the judgment recovered in the action, the Occidental Building & Loan Association of Omaha v. Trevelyan Gillaspie, docket 61, page 197, district court for Lancaster county, Nebraska, for $1,126.57.

"And hereby authorize said assignee to collect said judgment with interest and costs from date of judgment.

"All said proceedings to be at the risk and expense of said assignee.

"Dated this 22d day of December, 1920.

"Occidental Bldg. & Loan Ass'n.
"R. A. McEachron, V. P."

It is difficult for the court to determine in this case, whether or not the petition is based upon the judgment hereinbefore mentioned, or whether it is intended as an action for fraud. In either event the court has come to the conclusion that the demurrer to the petition was properly sustained by the trial court.

If the theory of the plaintiff was that it is a suit upon the judgment of September 18, 1918, she cannot recover for the reason that the statute of limitations is a bar to a recovery thereon. Section 20-1515, Comp. St. 1929, is as follows: "If execution shall not be sued òut within five years from the date of any judgment that now is or may hereafter be rendered in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment and all taxable costs in the action in which such judgment was obtained, shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor." It is clearly the law of Nebraska that where it appears upon the face of the petition that the cause of action is barred by the statute of limitations, and there are no allegations tolling the statute, a general demurrer can be properly interposed to such cause of action. *Pohle v. Nelson*, 108 Neb. 220; *Carden v. McGuirk*, 111 Neb. 350. This court has previously held that a domestic judgment is a specialty and barred by the statute of limitations within five years from the date of the judgment, the language of the court being as follows: "There seems to be some inconsistency in providing by statute that an action on a domestic judgment is barred in five years, and that it may nevertheless be revived and enforced at any time within ten years. But this inconsistency is not so great as to provide that there is no limitation, and that an action can be maintained thereon when it has been dormant for a length of time 'whereof the memory of man runneth not to the contrary.' We are, upon further consideration, convinced that the legislature never intended to

remove all limitations of such actions, and that such judgment should be regarded as a specialty within the meaning of section 10 of the code: Rev. St. 1913, sec. 7567." *Armstrong v. Patterson,* 97 Neb. 871. It is the law of Nebraska that the statute of limitations operates against a specialty within five years. "Within five years, an action upon a specialty, or any agreement, contract or promise in writing, or foreign judgment." Comp. St. 1929, sec. 20-205.

It is therefore clear that in the absence of a revivor of the judgment of September 18, 1918, no action could be maintained upon said judgment.

Plaintiff contends that said petition is one sounding in fraud and that she should be permitted to recover on that theory. An examination of the assignment clearly discloses that it was an assignment for collection only and not an absolute sale of the judgment. The assignment itself shows that plaintiff paid nothing for the same, but was to receive only a share of the amount collected. The assignment also specifically authorizes said assignee to collect said judgment with interest and costs at the risk and expense of said assignee. This all implies that said assignment was made in order that plaintiff might make the collection of the judgment for the Occidental Building & Loan Association. Even if the assignment amounted to an absolute sale of the judgment, the plaintiff under the facts disclosed in her petition could not recover. She alleges in her petition that the assignment was on record at the time the release of the judgment was executed by the Occidental Building & Loan Association to the defendant Gillaspie. This being true, the plaintiff could treat the release as of no force and effect and proceed against the original debtor in the same manner as if no release had been made. "Where the judgment has been assigned to a third person, the debtor, after notice of the assignment, must pay to the assignee; but a judgment debtor who learns that the judgment has been assigned acts at his peril in the payment thereof to any party as assignee

without ascertaining the facts." 34 C. J. 685. The plaintiff therefore having all the rights that she formerly had before the execution of the release of judgment has not suffered thereby. It is undoubtedly the law that fraud, or conspiracy to defraud, to be actionable must result in injury to the complaining party. "There is no doubt of the right of a plaintiff to maintain an action against two or, more parties for conspiring to do and actually doing some unlawful act to his damage; but the courts, so far as we are aware, are unanimous in holding that confederation and conspiracy are not actionable, unless something in pursuance of the common plan is actually done, and the thing done results in injury to the plaintiff, and the facts constituting this injury, and the damage resulting therefrom, must be alleged." *Commercial Union Assurance Co. v. Shoemaker*, 63 Neb. 173. "And in the next place the party must have been misled to his prejudice or injury; for courts of equity do not, any more than courts of law, sit for the purpose of enforcing moral obligations or correcting unconscientious acts, which are followed by no loss or damage. It has been very justly remarked, that to support an action at law for a misrepresentation there must be a fraud committed by the defendant, and a damage resulting from such fraud to the plaintiff." *Jakway v. Proudfit*, 76 Neb. 62, quoting from 1 Story, Equity Jurisprudence (13th ed.) sec. 203. The plaintiff having failed to plead facts showing that she suffered a damage because of the alleged fraudulent acts of the defendants, the demurrer was properly sustained as to that theory.

The record in this case discloses that demurrers have been sustained to the first petition filed, the amended petition, and to the second amended petition. Under the circumstances, the trial court did not err when he dismissed the case. For the reasons hereinbefore set out, the judgment of the trial court is

AFFIRMED.