BUFFALO COUNTY, NEBRASKA, APPELLEE, V. RICHARD G. KIZZIER AND YVONNE A. KIZZIER, HUSBAND AND WIFE, ET AL., APPELLEES, AND MACK TRUCKS, INC., APPELLANT.

548 N.W.2d 757

Filed June 7, 1996.   No. S-94-489.

Patrick J. Nelson and Timothy M. Welsh, of Jacobsen, Orr, Nelson, Wright, Harder & Lindstrom, P.C., for appellant.

Kenneth C. Fritzler II for appellee Kizzier Realty & Investment Co., Inc.

White, C.J., Caporale, Fahrnbruch, Lanphier, Wright, Connolly, and Gerrard, JJ.

Caporale, J.

## I. STATEMENT OF CASE

The plaintiff-appellee, Buffalo County, sought to enforce a number of tax sale certificates by foreclosing the interests of a number of parties in the underlying real estate, including those of the defendants-appellees Richard G. Kizzier, Yvonne A. Kizzier, Kizzier Realty and Investment Company, Inc., and City of Kearney, and those of the defendant-appellant and counterclaimant and cross-claimant, Mack Trucks, Inc., which

asserted that it possessed a judgment lien. Determining that Mack Trucks' lien had been destroyed, the district court dismissed its counterclaim and assigned first priority to the county, second priority to the city, and third priority to Kizzier Realty. Mack Trucks thereupon appealed to the Nebraska Court of Appeals, claiming, in summary, that the district court erred in (1) permitting Kizzier Realty to file a belated answer and present evidence thereunder, (2) finding that Kizzier Realty possessed a valid lien, (3) invalidating Mack Trucks' lien, and (4) denying Mack Trucks' application for a supersedeas bond. Under our authority to regulate the caseloads of the two courts, we, on our own motion, removed this matter from the Court of Appeals' docket to our own. We now modify the judgment of the district court and, as modified, affirm it.

## II. FACTS

In counterclaiming and cross-claiming, Mack Trucks alleged, and the record establishes, that it had obtained a county court judgment against Richard and Yvonne Kizzier on January 11, 1984, in the amount of $7,901.17 plus court costs of $25 with interest accruing at the rate of 14 percent per annum; that the judgment was transcribed to the district court; that the judgment constituted a lien against the underlying real estate; and that the judgment remained unpaid.

Not until the matter came on for trial did Kizzier Realty file an answer which alleged that it had an interest in the underlying real estate stemming from a written promissory note and a corresponding real estate mortgage. Kizzier Realty's answer further alleged that the note and mortgage were in default and that as a result, there was due and owing $500,000 on the principal and $890,739.72 in accrued interest.

Mack Trucks objected to Kizzier Realty's answer and participation in the trial because of the lateness of the answer, but did not ask for a continuance. The district court took the objection under advisement and allowed Kizzier Realty to present evidence.

The district court thereafter entered its decree of foreclosure and found that Mack Trucks' lien had become dormant, as a

consequence of which Mack Trucks had no judgment lien upon which its counterclaim and cross-claim could be predicated. In view of its dismissal of Mack Trucks' claim and the lack of objection from the other answering parties, the district court permitted the filing of Kizzier Realty's answer and found that Kizzier Realty had established a mortgage lien interest in the subject property in the total amount of $1,390,732.72 on a promissory note and mortgage executed in its favor on December 23, 1982.

After its motion for new trial was overruled, Mack Trucks applied for an order fixing the amount of a supersedeas bond. The district court rejected the application on the ground that although it was filed within 30 days from the overruling of Mack Trucks' motion for new trial, it was filed more than 30 days from the entry of the decree to which the motion for new trial was directed, and was therefore out of time.

## III. ANALYSIS

### 1. BELATED ANSWER AND TRIAL PARTICIPATION

As to the first assignment of error, claiming that the district court erred in accepting Kizzier Realty's untimely answer and in permitting it to participate in the trial, the record reveals that Kizzier Realty was served with summons and a copy of the county's petition on August 28, 1993, and that it did not file its answer until February 10, 1994.

Neb. Rev. Stat. § 25-821 (Reissue 1995) provides that "[t]he answer . . . of the defendant shall be filed within thirty days after service of the summons and petition . . . ." Thus, Kizzier Realty's answer was clearly out of time.

However, Neb. Rev. Stat. § 25-822 (Reissue 1995) provides that "[t]he court . . . for good cause shown, may extend the time for filing an answer or reply upon such terms as may be just." We have held as a general rule that the granting or withholding of permission to file a late pleading rests in the discretion of the trial court. *Keithley v. Black*, 239 Neb. 685, 477 N.W.2d 806 (1991). We have also held that where it is apparent that the party in default has a meritorious defense to an action, the court must permit the answer to be filed despite the fact that the time to answer has passed. *In re Application of*

*Jantzen*, 245 Neb. 81, 511 N.W.2d 504 (1994). See, also, *Anest v. Chester B. Brown Co.*, 169 Neb. 330, 99 N.W.2d 615 (1959).

Kizzier Realty's answer admitted all of the allegations in the county's petition and asserted that it had an interest by virtue of a promissory note and real estate mortgage. In this sense, the answer pled a meritorious defense to the county's petition, which prayed that Kizzier Realty be foreclosed of all equity of redemption, claim, right, title, and interest upon or in the underlying real estate.

Thus, it cannot be said the district court abused its discretion in permitting Kizzier Realty to file a belated answer. Moreover, as Mack Trucks did not insist upon an immediate ruling on its objection to the untimely answer, see *Toombs v. Driver Mgmt., Inc.*, 248 Neb. 1016, 540 N.W.2d 592 (1995), and did not ask for a continuance, neither can it be said the district court abused its discretion in permitting Kizzier Realty to adduce evidence at the scheduled trial, see *Adrian v. Adrian*, 249 Neb. 53, 541 N.W.2d 388 (1995).

## 2. KIZZIER REALTY'S LIEN

Mack Trucks next claims that there was no competent evidence establishing Kizzier Realty's lien.

The promissory note and mortgage were received into evidence, and pursuant to Kizzier Realty's request, the district court took judicial notice of a previous case involving the same parties as are involved in the instant case. In that case, the county sought to foreclose on two tax sale certificates on the same real estate as is involved here. In the course thereof, Kizzier Realty claimed an interest by virtue of the same promissory note and upon which mortgage it now relies. The trial court in the previous case found that Kizzier Realty had a second priority lien in the total amount of $1,236,082.19.

Although Mack Trucks states in its brief that it objected to the district court's taking judicial notice of the previous case, it does not argue that taking such notice was error, or at least it does not base this assignment of error on such a claim. Instead, Mack Trucks contends that "[r]egardless of what was decided in [the previous case], it does not prove the existence

or amount of a current lien held by Kizzier Realty on the subject property." Brief for appellant at 19.

But irrespective of either contention, it was not error for the district court to have taken judicial notice of the prior case. The applicable rule is that when cases are interwoven and interdependent, and the controversy involved has already been considered and determined by the court in former proceedings involving one of the parties now before it, the court has the right to examine its own records and take judicial notice of its own proceedings and judgment in the former action. *Association of Commonwealth Claimants v. Moylan*, 246 Neb. 88, 517 N.W.2d 94 (1994); *Goeke v. National Farms, Inc.*, 245 Neb. 262, 512 N.W.2d 626 (1994); *Gottsch v. Bank of Stapleton*, 235 Neb. 816, 458 N.W.2d 443 (1990).

Contrary to Mack Trucks' position, producing the promissory note and mortgage upon which the present claimed lien is based and having the district court take judicial notice of the fact that it has previously determined the existence of a lien based on those documents are perhaps the best, if not the only, ways to prove the existence of the lien.

As for the amount thereof, Kizzier Realty introduced into evidence a document showing the principal amount of the note, the interest thereon, the credit received as payment from the previous case, and the total amount outstanding.

As an action to determine the priority of liens, this case is grounded in equity. *Mackiewicz v. J.J. & Associates*, 245 Neb. 568, 514 N.W.2d 613 (1994). In an appeal of an equity action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court; provided, however, that where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Whitten v. Malcolm*, 249 Neb. 48, 541 N.W.2d 45 (1995); *Engelhaupt v. Village of Butte*, 248 Neb. 827, 539 N.W.2d 430 (1995); *Gas 'N Shop v. City of Kearney*, 248 Neb. 747, 539 N.W.2d 423 (1995).

We, on our de novo review of the evidence relating to the issues presented by this assignment of error, independently

conclude that Kizzier Realty proved the existence of a lien in its favor and the amount thereof as determined by the district court.

### 3. MACK TRUCKS' LIEN

The third assignment of error rests on the district court's conclusion that Mack Trucks' lien had been destroyed because its execution had not been levied thereon for a period of more than 5 years.

Neb. Rev. Stat. § 25-2721 (Reissue 1995) provides:

> (2) Any person having a judgment rendered by a county court may cause a transcript thereof to be filed in the office of the clerk of the district court in any county of this state. When the transcript is so filed and entered upon the judgment record, such judgment shall be a lien on real estate in the county where the same is filed . . . .

Neb. Rev. Stat. § 25-1515 (Reissue 1995) provides:

> If execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment, and all taxable costs in the action in which such judgment was obtained, shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor.

We have held that a

> "judgment lien is created by statute, and is destroyed by statute if an execution thereon is not taken out within five years from the date of the judgment, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of taking out of another execution thereon. If execution is not taken out in the time limited by the statute, the judgment becomes dormant, and the judgment lien is destroyed. . . ."

*Glissmann v. Happy Hollow Club*, 132 Neb. 223, 226, 271 N.W. 431, 432 (1937), quoting *Halmes v. Dovey*, 64 Neb. 122, 89 N.W. 631 (1902).

The counterclaim and cross-claim filed by Mack Trucks did not recite the date of the last execution on the judgment, and, thus, it was not apparent on the face of the pleading that the lien had become dormant.

Section 25-1515 is a statute of limitations, *Reed v. Occidental Bldg. & Loan Ass'n.*, 122 Neb. 817, 241 N.W. 769 (1932), which issue neither the county, Kizzier Realty, nor any of the various other defendants raised in any way. When it is not apparent from the face of the initiating pleading that the action is barred by the statute of limitations, the period of limitations is an affirmative defense which must be raised in the responsive pleading. See *Rosberg v. Lingenfelter*, 246 Neb. 85, 516 N.W.2d 625 (1994).

The purpose of pleadings is to frame the issues upon which a cause is to be tried, and the issues in a given case will be limited to those which are pleaded. *Bakody Homes & Dev. v. City of Omaha*, 246 Neb. 1, 516 N.W.2d 244 (1994); *Schmidt v. Omaha Pub. Power Dist.*, 245 Neb. 776, 515 N.W.2d 756 (1994); *Circle 76 Fertilizer v. Nelsen*, 219 Neb. 661, 365 N.W.2d 460 (1985). The failure to raise the issue of the possible dormancy of Mack Trucks' lien amounts to an admission that the lien was valid. See *Circle 76 Fertilizer, supra*. Mack Trucks' burden in this case was to prove each element of its counterclaim and cross-claim which was not expressly or impliedly admitted by the other parties. As the limitations issue had not been raised, there was no need for Mack Trucks to disprove the dormancy of its lien. See *id*.

The district court thus erred as a matter of law in ruling on an issue not presented by the pleadings and finding Mack Trucks' lien to be dormant.

### 4. SUPERSEDEAS BOND

That brings us to the last assignment of error, which is based on the county court's refusal to set a supersedeas bond. The date by which an unsuccessful litigant who wishes to provide a supersedeas bond must do so is controlled by statute.

Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the courts below. *In re Interest of Archie C., ante* p. 123, 547 N.W.2d 913 (1996); *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996). In discerning the meaning of a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense, as it is the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself. *Southern Neb. Rural P.P. Dist. v. Nebraska Electric*, 249 Neb. 913, 546 N.W.2d 315 (1996). In performing that task, the components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *Becker v. Nebraska Acct. & Disclosure Comm.*, 249 Neb. 28, 541 N.W.2d 36 (1995).

With those rules in mind, we turn our attention to Neb. Rev. Stat. § 25-1914 (Reissue 1995), which provides that, with an exception not relevant to this analysis, a party undertaking an appeal to this court

> shall, within thirty days after the rendition of the judgment or decree or the making of the final order sought to be reversed, vacated, or modified or within thirty days from the overruling of a motion for a new trial in such cause, (1) file in the district court a bond or undertaking in the sum of seventy-five dollars to be approved by the clerk of the district court, conditioned that the appellant shall pay all costs adjudged against him or her in the appellate court, or (2) make a cash deposit with the clerk of at least seventy-five dollars for the same purpose. If a supersedeas bond is executed, no bond for costs shall be required.

Neb. Rev. Stat. § 25-1916 (Reissue 1995) provides:

> No appeal in any case shall operate as a supersedeas unless the appellant or appellants within thirty days after the rendition of such judgment or decree or the making

of such final order execute to the adverse party a bond with one or more sureties . . . or in lieu thereof make a cash deposit with the clerk for the benefit of the adverse party . . . .

Neb. Rev. Stat. § 25-1912(2) (Reissue 1995) provides that the timely filing of a motion for new trial terminates the "running of the time for filing a notice of appeal . . . as to all parties . . . ."

A reading of those statutory provisions together makes clear that once a timely motion for new trial is filed, there no longer exists an appealable judgment, decree, or other order. Consequently, if no motion for new trial is timely filed, a party who wishes to file a supersedeas bond must do so within 30 days of the entry of the judgment, decree, or other final order sought to be reversed, vacated, or modified. If, however, a timely motion for new trial is filed, the ruling thereon becomes the appealable final order sought to be reversed, vacated, or modified. In such a circumstance, the supersedeas bond must be filed within 30 days of the ruling on the motion for new trial rather than the judgment, decree, or other order to which the motion for new trial was directed.

In so ruling, we are not unmindful that *First Nat. Bank v. Gates*, 104 Neb. 230, 176 N.W. 726 (1920), suggests otherwise. In that case, the issue was whether a party appealing from a judgment in a law action must have filed a supersedeas bond within 20 days after the entry of judgment or within 20 days after the overruling of a motion for new trial. We wrote that at that time,

[a] judgment or decree in an equity case may be treated as final, so as to give a right of appeal, immediately upon its rendition, but in a law action the character of finality which a judgment must possess in order to be reviewable in this court does not attach until the overruling of a motion for a new trial. If the time for filing a supersedeas bond begins to run from the day the judgment is entered, it might operate so as to require the execution of this instrument while the motion for a new trial was still pending, while the judgment was not yet subject to

review by this court, and while it was still uncertain whether an appeal would be necessary. *Id.* at 231, 176 N.W. at 726-27. We thus held that for actions at law, the time did not begin to run until the motion for new trial was overruled. By implication, this would mean that in equity actions, the time began to run when judgment was entered, as a motion for new trial was not necessary for equity actions to be final and reviewable on appeal.

However, Neb. Rev. Stat. § 25-1912.01 (Reissue 1995) has superseded *Gates* by providing that, except in a limited number of circumstances, "[a] motion for a new trial shall not be a prerequisite to obtaining appellate review of any issue upon which the ruling of the trial court appears in the record." Thus, with respect to those actions at law in which a motion for new trial is no longer required, the reasoning in *Gates* no longer obtains.

Consequently, the district court erred in refusing to set the amount of a supersedeas bond for Mack Trucks. It is an error, however, which is moot at this point.

## IV. JUDGMENT

In view of the analysis in subpart 3 above, there exists a lien in favor of Mack Trucks in the amount of $21,521.43 as of the date of this opinion, which shall accrue interest at the rate of $3.03 per day thereafter. Because Mack Trucks obtained its judgment after Kizzier Realty obtained the mortgage in its favor, Mack Trucks is granted a fourth priority.

AFFIRMED AS MODIFIED.