Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/20/2018 09:11 AM CDT

Wallace R. McCullough, appellant, v.
Michelle A. McCullough, appellee.
___ N.W.2d ___

Filed April 26, 2018.    Nos. S-16-1086, S-16-1187, S-17-037.

1. **Contempt: Appeal and Error.** In a civil contempt proceeding where
   a party seeks remedial relief for an alleged violation of a court order,
   an appellate court employs a three-part standard of review in which (1)
   the trial court's resolution of issues of law is reviewed de novo, (2) the
   trial court's factual findings are reviewed for clear error, and (3) the trial
   court's determinations of whether a party is in contempt and of the sanc-
   tion to be imposed are reviewed for abuse of discretion.

2. **Attorney Fees: Appeal and Error.** A trial court's decision award-
   ing or denying attorney fees will be upheld on appeal absent an abuse
   of discretion.

3. **Judgments: Words and Phrases.** A judicial abuse of discretion
   requires that the reasons or rulings of the trial court be clearly unten-
   able insofar as they unfairly deprive a litigant of a substantial right and
   a just result.

4. **Jurisdiction: Appeal and Error.** A jurisdictional question which does
   not involve a factual dispute is determined by an appellate court as a
   matter of law.

5. **Judges: Recusal: Appeal and Error.** A motion requesting a judge to
   recuse himself or herself on the ground of bias or prejudice is addressed
   to the discretion of the judge, and an order overruling such a motion will
   be affirmed on appeal unless the record establishes bias or prejudice as a
   matter of law.

6. **Contempt: Final Orders.** An order of contempt in a postjudgment pro-
   ceeding to enforce a previous final judgment is properly classified as a
   final order.

7. **Contempt.** Civil contempt proceedings are instituted to preserve and
   enforce the rights of private parties to a suit when a party fails to com-
   ply with a court order made for the benefit of the opposing party.

8. **Courts: Jurisdiction: Divorce: Contempt.** A court's continuing jurisdiction over a dissolution decree includes the power to provide equitable relief in a contempt proceeding.

9. **Contempt: Courts: Equity.** Contempt proceedings may both compel obedience to orders and administer the remedies to which the court has found the parties to be entitled. Where a situation exists that is contrary to the principles of equity and which can be redressed within the scope of judicial action, a court of equity will devise a remedy to meet the situation.

10. **Contempt: Words and Phrases.** Civil contempt requires willful disobedience as an essential element. "Willful" means the violation was committed intentionally, with knowledge that the act violated the court order. If it is impossible to comply with the order of the court, the failure to comply is not willful.

11. **Words and Phrases: Appeal and Error.** Willfulness is a factual determination to be reviewed for clear error.

12. **Contempt: Proof: Evidence: Presumptions.** Outside of statutory procedures imposing a different standard or an evidentiary presumption, all elements of contempt must be proved by the complainant by clear and convincing evidence and without any presumptions.

13. **Contempt: Costs: Attorney Fees.** Costs, including reasonable attorney fees, can be awarded in a contempt proceeding.

14. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

Appeals from the District Court for Sarpy County: Daniel E. Bryan, Jr., Judge. Judgments in Nos. S-16-1086 and S-17-037 affirmed. Appeal in No. S-16-1187 dismissed.

William D. Gilner for appellant.

Edith T. Peebles and Tosha Rae D. Heavican, of Brodkey, Peebles, Belmont & Line, L.L.P., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, and Funke, JJ.

Miller-Lerman, J.
NATURE OF CASE

In these three consolidated appeals, Wallace R. McCullough appeals orders entered by the district court for Sarpy County

in the proceeding for the dissolution of his marriage to Michelle A. McCullough. Wallace appeals, inter alia, an order of contempt for failing to make childcare and property division equalization payments, an order of contempt for failing to pay child support, and an order setting the amount of a supersedeas bond. We dismiss the appeal of the order regarding the amount of the supersedeas bond, and we affirm the district court's orders in the two other appeals.

## STATEMENT OF FACTS

On March 22, 2010, the district court for Sarpy County entered a decree dissolving Wallace and Michelle's marriage. In the decree of dissolution, the district court ordered, inter alia, that legal and physical custody of the couple's children be awarded to Michelle, subject to Wallace's parenting time; that Wallace pay Michelle child support of $3,005 per month; that Wallace pay a share of childcare expenses incurred by Michelle; and that Wallace pay Michelle $552,124.89 to equalize the property division, payable at a rate of $50,000 per year plus interest until paid in full.

On June 12, 2012, Michelle filed a complaint for modification of the decree of dissolution. She requested, inter alia, that Wallace's parenting time be supervised and that proceeds from the sale of certain property be reassigned to her. On July 30, Wallace filed an answer and a counterclaim in which he requested, inter alia, that he be awarded sole custody of the children. On August 6, Michelle filed an answer to Wallace's counterclaim in which she requested the counterclaim be dismissed. On August 7, Wallace filed an amended answer and counterclaim in which he further requested, inter alia, a change in his child support obligation based on a change in income and that he be given credit for amounts totaling $268,400 that he alleged should be treated as having been paid toward the property settlement. On January 21, 2014, Wallace filed another amended answer and counterclaim in which he made additional allegations and requests.

On June 8, 2016, Michelle filed a verified complaint for contempt in which she alleged that Wallace had failed to pay child support, childcare expenses, and property equalization payments required under the decree of dissolution. The district court entered an order on June 13 for Wallace to show cause why he should not be held in contempt based on Michelle's complaint. Wallace entered a denial, and the court set a final hearing on the matter.

After the hearing on Michelle's complaint for contempt, the district court entered an order on September 30, 2016. In the order, the court stated that Wallace had asked to continue the contempt proceedings with regard to child support payments on the basis that the amended counterclaim he had filed on January 21, 2014, in which he sought a reduction of his child support obligation, was still pending. The court noted that Wallace had not prosecuted that counterclaim; nevertheless, the court granted a continuance of the portion of the contempt proceeding that pertained to child support. The court scheduled a trial for December 8, 2016, on Wallace's amended answer and counterclaim, as well as on Michelle's June 12, 2012, complaint for modification. The court stated that it would consider the child support portion of the complaint for contempt at the December 8 trial. The court further stated that on February 21, 2014, it had ordered Wallace to undergo an evaluation in connection with his request for modification of the children's custody; the court ordered Wallace to submit the completed evaluation by October 17, 2016.

In addition to the foregoing, the September 30, 2016, order also stated that the court had heard testimony regarding the remaining portions of Michelle's contempt allegations against Wallace. The court then found Wallace to be in willful and contumacious violation of the decree of dissolution in two respects: (1) He had failed to pay required childcare expenses totaling $5,031.23, and (2) he had failed to pay property equalization installments, with interest, totaling $317,314.99. The court ordered Wallace to pay Michelle's attorney fees totaling

$3,317.51. The court stated that the sums Wallace owed to Michelle totaled $325,663.73. The court set up a purge plan pursuant to which it ordered Wallace to pay $750 per month to the clerk of the court commencing October 1 and continuing on the first day of each month until the amount was paid in full. The court ordered that if Wallace failed to make a payment on or before the first day of the month, he would be jailed for 15 days but would be released if he remedied the deficit.

Wallace filed a motion for a new hearing or reconsideration of the September 30, 2016, order. On November 4, the district court denied the motion.

On November 17, 2016, Wallace filed a notice of appeal in which he stated his intent to appeal the September 30 and November 4 orders. That appeal is docketed as case No. S-16-1086.

On November 18, 2016, the district court held a hearing to consider a motion by Michelle to dismiss part of Wallace's counterclaim for modification of the decree of dissolution. Michelle argued that the counterclaim should be dismissed because Wallace had failed to comply with the court's February 21, 2014, order to undergo an evaluation and that he had failed to submit such evaluation by October 17, 2016, as required in the court's September 30 order. At the hearing, Wallace admitted the evaluation had not been completed, but he asserted that he had been confused as to the date by which the evaluation was to be submitted and that he had an evaluation scheduled for an unspecified date in December. Wallace further argued that because he had filed a notice of appeal on November 17 with regard to the court's September 30 and November 4 orders, all proceedings in this matter, including those issues set for trial on December 8, should be stayed pending the appeal.

On November 28, 2016, the court entered an order ruling on matters addressed at the November 18 hearing. The court stated that the September 30 order "dealt solely with

the limited issues of contempt dealing with child care and property equalization." The court stated that although issues regarding contempt related to child support were to be heard on December 8, it had "separated the . . . issues on contempt." The court assumed that the September 30 order was a final order for purposes of appeal, and it determined that "pending applications for modifications [of the decree of dissolution] or motions to dismiss portions of such applications are stayed pending the appeal." However, the court determined that it retained jurisdiction to enforce the September 30 contempt order, because Wallace had not asked the court to set a supersedeas bond, and it further determined that Michelle's "pending contempt action for enforcement of this Court's child support order is not stayed without posting a supersedeas bond."

On November 29, 2016, Wallace filed a motion to set a supersedeas bond pursuant to Neb. Rev. Stat. § 25-1916 (Reissue 2016). On November 30, the district court entered an order with respect to the supersedeas bond. At a hearing on the supersedeas bond, Wallace's attorney had argued that at the earlier September 14 contempt hearing, Wallace had testified that "he didn't have any assets or income at the present time" and that his net worth was less than $10,000. Wallace requested that "the bond amount be set at 50 percent of that amount." In its November 30 order, the court specifically rejected Wallace's request that the bond amount be set based on 50 percent of "personal assets which total less than $10,000.00." The court instead set a bond of $45,000 and stated that it had determined such amount based on the monthly purge payment Wallace was required to make pursuant to the September 30 contempt order, the monthly child support he was required to pay pursuant to the decree of dissolution, and the amount of time the court estimated the appeal of the September 30 order would take. The court stated that the hearing set for December 8 would "take place as scheduled unless or until [Wallace] posts bond with the Clerk of the District Court of Sarpy County."

On December 5, 2016, Wallace filed a notice of appeal in which he stated his intent to appeal the November 28 and November 30 orders. That appeal is docketed as case No. S-16-1187.

On December 8, 2016, the court held a hearing and entered an order ruling on Michelle's complaint for contempt with regard to child support. The court found Wallace to be in willful contempt of the portion of the decree of dissolution that required him to pay child support of $3,005 per month. The court ordered Wallace to be subject to a purge plan pursuant to which he would pay Michelle $2,000 of back child support per month, in addition to the $3,005 per month child support he was already required to pay, beginning January 1, 2017, and continuing the first of each month until back child support was paid in full. The court ordered that if Wallace failed to pay the required child support and the additional back child support on the first of each month, he would be "incarcerated no more than thirty (30) days each month." The court entered a separate money judgment against Wallace and in favor of Michelle for attorney fees and costs of $3,131.75.

On December 30, 2016, Wallace filed a pleading in which he made three motions. The pleading included the following motions: (1) a motion for the judge to recuse himself, (2) a motion to set aside or reconsider the December 8 order of contempt, and (3) a "motion for judgment" in his favor on his amended counterclaim filed January 21, 2014.

With regard to the motion for recusal, Wallace alleged that on October 7, 2016, the judge had signed an arrest warrant against Wallace on the basis that on October 1, Wallace had failed to make the purge payment required under the September 30 order. Wallace alleged that the judge issued the warrant despite knowing that Wallace had attempted to make the payment on September 30 but that his check had been returned by the clerk of the district court because the clerk had not yet received the purge order. The record indicates that Michelle filed an application for the arrest warrant on

October 6, that the arrest warrant was signed by the judge on October 7 but was not filed until October 11, that the court signed an order recalling the arrest warrant on October 12, and that the recall order was filed on October 13.

With regard to the "motion for judgment" on his counterclaim, Wallace alleged that although the court on November 30, 2016, had granted Michele leave to file an answer to his January 21, 2014, counterclaim out of time, she had not filed an answer as of December 30, 2016, and that therefore, he was entitled to judgment in his favor on his counterclaim.

On January 6, 2017, the court entered an order in which it denied Wallace's motion to recuse and his motion to set aside or reconsider the December 8, 2016, order. The court also stated that it was "without jurisdiction to hear [Wallace's] Motion for Judgment on the Pleadings with respect to the September 30, 2016 Order" and that Wallace's "Motion for Judgment on the Pleadings is denied with respect to the December 8, 2016 Order."

The court in the January 6, 2017, order did not explicitly refer to Wallace's January 21, 2014, amended counterclaim for modification, upon which Wallace sought judgment on the pleadings in his December 30, 2016, motion. We note in this regard that as discussed above, in the November 28 order, the court had stated that "pending applications for modifications [of the decree of dissolution] or motions to dismiss portions of such applications are stayed pending the appeal" of the September 30 contempt order.

On January 9, 2017, Wallace filed a notice of appeal in which he stated his intent to appeal the December 8, 2016, and January 6, 2017, orders. That appeal is docketed as case No. S-17-037.

We moved Wallace's three appeals to our docket and consolidated them. To summarize, Wallace's three appeals are: (1) case No. S-16-1086, in which he appeals the September 30, 2016, order finding him in contempt for failing to pay childcare and property equalization payments required under

the decree of dissolution, and the November 4 order overruling his motion for a new hearing or a reconsideration of the September 30 order; (2) case No. S-16-1187, in which he appeals the November 28 order finding, inter alia, that enforcement of the September 30 order was not stayed pending appeal, and the November 30 order setting a supersedeas bond of $45,000; and (3) case No. S-17-037, in which he appeals the December 8 order finding him in contempt for failing to pay child support required under the decree of dissolution, and the January 6, 2017, order overruling his motion to recuse and his motion to set aside or reconsider the December 8, 2016, order.

## ASSIGNMENTS OF ERROR

In case No. S-16-1086, Wallace claims that the district court abused its discretion when it found him in contempt for failing to pay childcare and property equalization payments required under the decree of dissolution. He argues that he could not be in contempt, because (1) his complaint for modification of the decree was still pending and (2) the judgment went dormant when Michelle failed to execute on it and the judgment had not been revived. He also claims that because he should not have been found to be in contempt, the court abused its discretion when it awarded attorney fees to Michelle.

In case No. S-16-1187, Wallace claims that the district court abused its discretion when it set a supersedeas bond of $45,000. He argues that under § 25-1916, the amount of the supersedeas bond is limited to 50 percent of his net worth, and he asserts his net worth to be less than $10,000. Michelle asserts in her reply that an order setting the amount of a supersedeas bond is not an appealable order.

In case No. S-17-037, Wallace claims that the district court abused its discretion when it (1) found him in contempt of the child support provisions of the decree of dissolution when his complaint for modification of child support was still pending, (2) overruled his motion for recusal, (3) overruled his

"motion for judgment" on his counterclaim for modification of the decree of dissolution, and (4) awarded attorney fees to Michelle.

## STANDARDS OF REVIEW

[1] In a civil contempt proceeding where a party seeks remedial relief for an alleged violation of a court order, an appellate court employs a three-part standard of review in which (1) the trial court's resolution of issues of law is reviewed de novo, (2) the trial court's factual findings are reviewed for clear error, and (3) the trial court's determinations of whether a party is in contempt and of the sanction to be imposed are reviewed for abuse of discretion. *State on behalf of Mariah B. & Renee B. v. Kyle B.*, 298 Neb. 759, 906 N.W.2d 17 (2018).

[2,3] A trial court's decision awarding or denying attorney fees will be upheld on appeal absent an abuse of discretion. *In re Estate of Forgey*, 298 Neb. 865, 906 N.W.2d 618 (2018). A judicial abuse of discretion requires that the reasons or rulings of the trial court be clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result. *Id*.

[4] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Ginger Cove Common Area Co. v. Wiekhorst*, 296 Neb. 416, 893 N.W.2d 467 (2017).

[5] A motion requesting a judge to recuse himself or herself on the ground of bias or prejudice is addressed to the discretion of the judge, and an order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law. *Kalkowski v. Nebraska Nat. Trails Museum Found.*, 290 Neb. 798, 862 N.W.2d 294 (2015).

## ANALYSIS

*Relevant Nebraska Jurisprudence*
*Regarding Contempt.*

[6] We note first that in *Smeal Fire Apparatus Co. v. Kreikemeier*, 279 Neb. 661, 782 N.W.2d 848 (2010), *disapproved*

*on other grounds, Hossaini v. Vaelizadeh*, 283 Neb. 369, 808 N.W.2d 867 (2012), we held that under Nebraska law, an order of contempt in a postjudgment proceeding to enforce a previous final judgment is properly classified as a final order. In the terms of Neb. Rev. Stat. § 25-1902 (Reissue 2016), a contempt order affects a substantial right and is made upon a summary application in an action after judgment. By the reasoning in *Smeal Fire Apparatus Co. v. Kreikemeier*, both the contempt order in case No. S-16-1086, which order relates to the property equalization and childcare expense portions of the decree of dissolution, and the contempt order in case No. S-17-037, which order relates to the child support portions of the decree of dissolution, are final, appealable orders.

[7-9] Civil contempt proceedings are instituted to preserve and enforce the rights of private parties to a suit when a party fails to comply with a court order made for the benefit of the opposing party. *Martin v. Martin*, 294 Neb. 106, 881 N.W.2d 174 (2016). A court's continuing jurisdiction over a dissolution decree includes the power to provide equitable relief in a contempt proceeding. *Id*. Contempt proceedings may both compel obedience to orders and administer the remedies to which the court has found the parties to be entitled. *Id*. Where a situation exists that is contrary to the principles of equity and which can be redressed within the scope of judicial action, a court of equity will devise a remedy to meet the situation. *Id*.

[10-12] Civil contempt requires willful disobedience as an essential element. *State on behalf of Mariah B. & Renee B. v. Kyle B.*, 298 Neb. 759, 906 N.W.2d 17 (2018). "Willful" means the violation was committed intentionally, with knowledge that the act violated the court order. *Id*. If it is impossible to comply with the order of the court, the failure to comply is not willful. *Id*. Willfulness is a factual determination to be reviewed for clear error. *Id*. Outside of statutory procedures imposing a different standard or an evidentiary presumption, all elements of contempt must be proved by the complainant by clear and convincing evidence and without any presumptions. *Id*.

*Case No. S-16-1086: District Court Did Not Err*
*When It Found Wallace to Be in Contempt of the*
*Decree With Regard to Equalization Payments*
*and Childcare Expenses or When It Awarded*
*Attorney Fees to Michelle.*

In case No. S-16-1086, Wallace claims that the district court abused its discretion when it found him in contempt for failing to pay childcare and property equalization payments required under the decree of dissolution and when it awarded attorney fees to Michelle. We find no merit to these assignments of error.

In case No. S-16-1086, Wallace contends that the district court could not have found him to be in willful contempt. We note first that Wallace does not dispute that he failed to make the payments required under the decree of dissolution entered in 2010. Instead, he basically argues that such failure cannot form the basis for a finding of willful contempt, because he had reason to think he was not required to make the payments. He first notes that the court had not yet ruled on his counterclaim for modification of the decree, and he argues that if the court were to rule in his favor and modify the decree, he might no longer owe the sums he has not paid. As an alternative argument, Wallace claims that Michelle let the money judgments from the decree of dissolution go dormant and that therefore, he was not obligated to pay the judgments. We find both arguments to be without merit.

Wallace claims first that he could not be found to be in willful contempt while his counterclaim for modification of the decree of dissolution was still pending. He argues that if his counterclaim were successful, he would no longer owe the amounts required under the decree of dissolution, and he reasons that he was not required to pay those amounts until the counterclaim was decided by the court. Wallace points to no authority to the effect that an application for modification of a decree of dissolution suspends the judgment and associated payments. To the contrary, we have ruled that under the proper

circumstances, modification of a decree of dissolution may be made retroactive and a credit or judgment may be given to compensate for overpayments made during the pendency of a modification action. See *Johnson v. Johnson*, 290 Neb. 838, 862 N.W.2d 740 (2015). However, unless and until a modification order is made by the court, the decree of dissolution remains a valid judgment and payment obligations under the decree remain in force. We conclude that the pendency of Wallace's counterclaim for modification did not prevent the district court from finding that Wallace was in willful contempt of the obligations imposed on him by the decree of dissolution.

Wallace alternatively claims that he could not be found to be in willful contempt with respect to the equalization payment, because Michelle failed to execute on the judgment within 5 years as required by Neb. Rev. Stat. § 25-1515 (Reissue 2016), and that therefore, the judgment had gone dormant. Wallace recognizes that specific exceptions exist for alimony and child support, and therefore, he does not make this same argument in connection with his appeal in case No. S-17-037 discussed below. However, he argues that there is no exception from the operation of § 25-1515 for the property equalization payments that were ordered in the decree of dissolution.

The district court rejected Wallace's assertion that Michelle failed to execute on the property equalization judgment, and the record supports that determination. The decree of dissolution was filed on March 22, 2010, and the record indicates that after entry of the decree, Michelle made attempts to collect sums due her under the decree. Such efforts included a contempt proceeding in 2011 and a motion Michelle filed in 2012 which resulted in an order filed by the court on August 15, 2012, which, inter alia, required proceeds from a sale of property to be applied to equalization payments. Michelle filed the present contempt proceeding on June 8, 2016, so there does not appear to have been a 5-year period in which Michelle failed to attempt to execute on the judgment. We therefore

conclude that the district court did not err when it rejected Wallace's argument that he could not be found in willful contempt because Michelle purportedly allowed the judgment to go dormant.

[13] Finally, regarding the award of attorney fees in case No. S-16-1086, we note first that costs, including reasonable attorney fees, can be awarded in a contempt proceeding. *Smeal Fire Apparatus Co. v. Kreikemeier*, 279 Neb. 661, 782 N.W.2d 848 (2010), *disapproved on other grounds, Hossaini v. Vaelizadeh*, 283 Neb. 369, 808 N.W.2d 867 (2012). Wallace does not assert that Michelle failed to prove her fees or that the amount was unreasonable. Instead, his sole argument is that attorney fees should not have been awarded, because he should not have been found to be in contempt of the decree of dissolution. Because we have concluded above that the court did not err when it found Wallace to be in contempt, we further conclude that the court did not abuse its discretion when it awarded attorney fees to Michelle.

Having rejected Wallace's assignments of error in case No. S-16-1086, we affirm the September 30, 2016, order finding Wallace to be in contempt and awarding attorney fees. We also affirm the November 4 order overruling Wallace's motion for reconsideration.

*Case No. S-16-1187: Order Setting Amount of Supersedeas Bond Was Not Separately Appealable, and Issues Regarding Supersedeas Bond Are Moot Following Disposition of Appeal of Order Sought to Be Stayed.*

In case No. S-16-1187, Wallace claims that the district court abused its discretion when it set a supersedeas bond of $45,000. He argues that under § 25-1916, the amount of the supersedeas bond is limited to 50 percent of his net worth, and he asserts his net worth to be less than $10,000. We determine that the order setting the amount of the supersedeas bond was not an appealable order in its own right and that,

although issues regarding the supersedeas bond might have been considered in connection with the appeal of the underlying contempt order in case No. S-16-1086, such issues are moot because of our resolution of that appeal.

[14] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Ginger Cove Common Area Co. v. Wiekhorst*, 296 Neb. 416, 893 N.W.2d 467 (2017). Michelle asserts that the court's November 30, 2016, order setting the amount of the supersedeas bond is not an appealable order. Michelle relies on *Green v. Morse*, 57 Neb. 798, 78 N.W. 395 (1899), in which this court held that an order fixing the amount of a supersedeas bond was not appealable, because it did not affect a substantial right. Michelle also cites *Waite v. City of Omaha*, 263 Neb. 589, 594-95, 641 N.W.2d 351, 355 (2002), in which we said, "The effect of a supersedeas bond is to either maintain an order in force or prevent the execution of an order until a case is finally heard and determined, but not to make the underlying order, if otherwise nonfinal, into a final and appealable order."

We read these cases, and others not recited here, as standing for the proposition that an order ruling on a request for a supersedeas bond is not in itself an appealable order and that a request for a supersedeas bond to stay execution of an otherwise nonfinal order does not convert that underlying order into an appealable order. However, the appellate courts in this state have considered issues regarding the setting of a supersedeas bond when the underlying order sought to be stayed by the bond was an appealable order. See, *Buffalo County v. Kizzier*, 250 Neb. 180, 548 N.W.2d 757 (1996); *The Exchange Bank v. Mid-Nebraska Computer Services, Inc.*, 188 Neb. 673, 199 N.W.2d 5 (1972). See, also, *Edwards v. Edwards*, 16 Neb. App. 297, 744 N.W.2d 243 (2008); *World Radio Lab. v. Coopers & Lybrand*, 2 Neb. App. 747, 514 N.W.2d 351 (1994) (determining that appellate court had jurisdiction to hear and determine appellee's motion to increase supersedeas

bond). The procedure in those cases was not to file a sepa-
rate appeal of the supersedeas bond order, as Wallace did in
this case, but instead to raise the issue in the appeal from the
underlying order. In some cases, this has been done by filing
a motion asking the appellate court to change the amount set
by the lower court. See *Folgers Architects v. Kerns*, 262 Neb.
530, 633 N.W.2d 114 (2001) (stating that during pendency
of appeal, both parties filed motions relating to supersedeas
deposits made by appellant), and *World Radio Lab. v. Coopers
& Lybrand, supra* (examining cases which discuss procedures
available to test sufficiency of supersedeas bond and conclud-
ing that appellate court has jurisdiction to hear and determine
appellee's motion to increase supersedeas bond). In other
cases, the supersedeas issue has been raised by assigning error
to the lower court's ruling on a request to set a supersedeas
bond. See *Buffalo County v. Kizzier, supra*. See, also, *Edwards
v. Edwards, supra*.

In the present case, Wallace did not use the procedures
just described and instead chose to separately appeal the
order setting the amount of the supersedeas bond. Because
that order is not separately appealable, we conclude that the
appeal in case No. S-16-1187 must be dismissed for lack
of jurisdiction.

Our precedent indicates that Wallace could have raised
issues regarding the supersedeas bond in case No. S-16-1086,
the appeal of the order he sought to have stayed. However,
Wallace did not file a motion in the supersedeas case, case No.
S-16-1086, requesting a change in the amount of the superse-
deas bond, and therefore, there was not a reason for this court
to consider that issue in case No. S-16-1086 prior to consider-
ing the merits of that appeal. Furthermore, if we were to treat
Wallace's assignment of error in case No. S-16-1187 claiming
the bond was excessive as though it had been an assignment of
error in case No. S-16-1086, the issue is now moot because of
our resolution of case No. S-16-1086 affirming the contempt
order Wallace sought to stay.

In this respect, we note *Buffalo County v. Kizzier, supra*, in which we considered an assignment of error regarding a district court's refusal to set the amount of a supersedeas bond. The district court determined that the appellant's request to set a supersedeas bond was untimely, because although it was filed within 30 days from the overruling of a motion for new trial, it was filed more than 30 days after the entry of the decree to which the motion for new trial was directed. We disagreed with the district court's conclusion that the request was untimely, and we determined as a matter of law that when a timely motion for new trial is filed, the ruling on the motion for new trial becomes the final, appealable order, and that under § 25-1916, a supersedeas bond must be filed within 30 days of the ruling on the motion for new trial rather than within 30 days of the order to which the motion for new trial was directed. We concluded therefore that the district court erred in refusing to set the amount of a supersedeas bond for the appellant, but we noted that the error was "an error, however, which is moot at this point." *Buffalo County v. Kizzier*, 250 Neb. 180, 190, 548 N.W.2d 757, 764 (1996). See, also, *Goeke v. National Farms, Inc.*, 245 Neb. 262, 512 N.W.2d 626 (1994) (stating that because we affirmed underlying order, we did not need to consider assignment of error regarding lower court's refusal to set supersedeas bond); *Anderson v. Anderson*, 5 Neb. App. 22, 554 N.W.2d 177 (1996) (with reversal of underlying order which modified decree of dissolution, supersedeas bond issue became moot).

In the present case, Wallace claims that the court abused its discretion when it set a supersedeas bond of $45,000. He argues that under § 25-1916, the amount of the supersedeas bond is limited to 50 percent of his net worth, and he asserts his net worth to be less than $10,000. Wallace is correct that as a matter of law, under § 25-1916, the supersedeas bond could not be set at an amount exceeding 50 percent of his net worth. However, it is apparent in this case that the district court did not err as a matter of law by misinterpreting § 25-1916, and

instead, the court rejected Wallace's assertion that his net worth was less than $10,000 and made a finding of fact that his net worth was such that the bond of $45,000 did not exceed 50 percent of his net worth. Unlike *Buffalo County v. Kizzier, supra*, there is no question of law at issue here with regard to the setting of the supersedeas bond that we need to address. Instead, the issue raised by Wallace's assignment of error is the court's finding of fact regarding Wallace's net worth. Because we have resolved the appeal the order sought to be stayed, the setting of the supersedeas bond is a moot issue at this point, and we need not review the district court's finding of fact.

For completeness and to dispel potential confusion, we distinguish the supersedeas bond in this dissolution proceeding from supersedeas bonds in probate cases. As the Nebraska Court of Appeals stated in *In re Estate of Sehi*, 17 Neb. App. 697, 772 N.W.2d 103 (2009), in an ordinary appeal from a judgment in a case originating in the district court, the appellant may choose whether to seek a supersedeas bond, but in appeals from probate cases, the law in some instances imposes a mandatory requirement of supersedeas. In this dissolution proceeding, however, Wallace had the option whether or not to seek a supersedeas bond, and therefore, the standards that govern the supersedeas bond in this case do not necessarily apply to the mandatory supersedeas bonds required under probate statutes.

For the reasons explained above, we dismiss the appeal in case No. S-16-1187 for lack of jurisdiction, and we need not consider issues regarding the setting of the supersedeas bond.

*Case No. S-17-037: District Court Did Not Err
When It Found Wallace to Be in Contempt of
the Decree With Regard to Child Support,
Nor Did It Err in Its Other Rulings.*

In case No. S-17-037, Wallace claims that the district court abused its discretion when it (1) found him in contempt of the

child support provisions of the decree of dissolution when his complaint for modification of child support was still pending, (2) overruled his motion for recusal, (3) overruled his "motion for judgment" on his counterclaim for modification of the decree of dissolution, and (4) awarded attorney fees to Michelle. We conclude that these assignments of error are without merit.

Regarding the finding of contempt and the award of attorney fees, our analysis in this appeal is similar to that in case No. S-16-1086 above. We note that in case No. S-17-037, Wallace does not argue, as he did in case No. S-16-1086, that the child support judgment was dormant; as noted above, he recognizes that child support is an exception to the operation of § 25-1515. Wallace does, however, argue that he should not have been found in willful contempt of the child support provisions of the decree of dissolution, because his application for modification of child support was still pending. As we discussed above, the fact that an application for modification was pending did not excuse Wallace from making payments required under the decree of dissolution. The original provisions of the decree of dissolution remained a valid judgment unless and until the court modified those provisions. We therefore reject Wallace's claim that the district court erred when it found him to be in contempt of the child support portions of the decree of dissolution.

Similar to his argument in case No. S-16-1086, Wallace's sole argument with regard to the attorney fees awarded to Michelle in this appeal is that fees should not have been awarded, because he should not have been found to be in contempt. As we concluded in case No. S-16-1086, we conclude in this appeal that because the court did not err when it found Wallace in contempt of the child support provisions of the decree of dissolution, it also did not abuse its discretion when it awarded attorney fees to Michelle.

Regarding the motion for recusal, Wallace argues that the district court judge was biased against him. He asserts that

such bias was evident from the fact that the judge had signed the arrest warrant against Wallace for failure to make a purge payment, even though the judge had been informed that Wallace had attempted to make the payment, but the clerk of the court had returned Wallace's check to him. Although we recognize these unfortunate set of facts, we nevertheless determine that the record in this case does not establish bias or prejudice as a matter of law. From our examination, the record is not entirely clear when the judge learned from the clerk that Wallace had attempted to make the purge payment; however, the record clearly indicates that the day after the arrest warrant was filed, the judge signed an order recalling the arrest warrant. The record indicates that the judge acted in a timely manner to correct any error in the issuing of the arrest warrant, and therefore, this incident does not show partiality or bias on the part of the judge. We reject Wallace's claim that the court abused its discretion when it overruled the motion to recuse.

Finally, Wallace claims the district court erred when it overruled his "motion for judgment" on his counterclaim for modification of the decree of dissolution. Michelle contends that an order overruling a "motion for judgment" is not an appealable order. Whether or not such an order is appealable, we note that it does not appear that the district court ruled on Wallace's "motion for judgment" on the modification. To the contrary, the court's only references in the January 6, 2017, order to a "motion for judgment" were its statement that it was "without jurisdiction to hear [Wallace's] Motion for Judgment on the Pleadings with respect to the September 30, 2016 Order" and that Wallace's "Motion for Judgment on the Pleadings is denied with respect to the December 8, 2016 Order." Further, we note that in an order filed on November 28, 2016, the court stated that because Wallace had appealed the contempt order filed on September 30, "pending applications for modifications [of the decree of dissolution] or motions to dismiss portions of such applications are stayed pending the appeal." Therefore, it

appears that at the time it entered the January 6, 2017, order, the district court was of the understanding that the modification proceeding was stayed, and it therefore did not rule on Wallace's "motion for judgment" with respect to the modification. Because the district court did not rule on the "motion for judgment" on the modification, we cannot review such a ruling even if such a motion were proper and such a ruling were appealable. Furthermore, to the extent Wallace's "motion for judgment" related to the contempt proceedings, we have stated that rather than a civil action, a contempt proceeding is a "summary application after judgment." *Sickler v. Sickler*, 293 Neb. 521, 540, 878 N.W.2d 549, 564 (2016). Therefore, a "motion for judgment" is not a recognized filing in a contempt proceeding. We therefore reject Wallace's assignment of error regarding his "motion for judgment."

Having rejected Wallace's assignments of error in case No. S-17-037, we affirm the December 8, 2016, and January 6, 2017, orders.

## CONCLUSION

In the contempt cases, cases Nos. S-16-1086 and S-17-037, we reject Wallace's assignments of error and affirm the orders appealed. Because of our disposition in case No. S-16-1086 of the order sought to be stayed by the supersedeas bond, issues raised by Wallace in case No. S-16-1187 regarding the setting of the amount of the supersedeas bond are now moot. In any event, in case No. S-16-1187, we conclude that the order setting the amount of a supersedeas bond was not separately appealable, and we dismiss the appeal for lack of jurisdiction.

JUDGMENTS IN NOS. S-16-1086 AND S-17-037 AFFIRMED.

APPEAL IN NO. S-16-1187 DISMISSED.

WRIGHT and KELCH, JJ., not participating.