IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


O'HARA V. O'HARA


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


TRACEY LYNETTE O'HARA, APPELLEE,

V.

DAVID PATRICK O'HARA, APPELLANT.


Filed August 20, 2019.    No. A-18-1043.


Appeal from the District Court for Douglas County: THOMAS A. OTEPKA, Judge. Affirmed.

David J. Reed for appellant.

William J. Bianco, of Bianco Stroh, L.L.C., for appellee.


MOORE, Chief Judge, and PIRTLE and WELCH, Judges.

MOORE, Chief Judge.

## INTRODUCTION

David Patrick O'Hara appeals the order of the district court for Douglas County, which found him in willful contempt of a court order requiring him to pay up to $9,424 to his former wife, Tracey Lynette O'Hara, for dental procedures. Because the record contains clear and convincing evidence that David failed to make all the payments required under the order, we affirm.

## BACKGROUND

On September 3, 2015, the district court entered a decree dissolving David's marriage to Tracey. The divorce decree is not in our record on appeal. Apparently, however, the decree continued a temporary order that required David to allow Tracey to remain on his health insurance policy during the pendency of the divorce action and during the 6-month period following the decree. David failed to do so. Because Tracey required some medical and dental treatments that

would have been covered under David's insurance had he maintained it for her, she filed an application to show cause, which is also not in our record.

On September 21, 2016, the district court entered an order directing David to reimburse Tracey for her medical expenditures due to his failure to maintain health insurance for her. The order also directed David to pay for dental procedures that Tracey had planned to undergo in June 2015:

> Testimony of the Plaintiff was that she has been advised from her dentist that she is in need of some dental work involving two root canals and a four unit bridge. Ex. 8 demonstrates that this procedure with no insurance would cost $9,424.00. Plaintiff further testified that she has not obtained these medical services yet because she cannot afford to do so and has always been under the understanding that she did not have insurance coverage provided to her by the Defendant as he was order [sic] to do so within the Decree of Dissolution. Plaintiff testified that it was this work that she would have desired to have done in June, 2015 or soon thereafter short the fact that she was not covered by the Defendant's insurance.
>
> Thus the Court finds that the Plaintiff is awarded an additional judgment against the Defendant in the amount of NINE THOUSAND FOUR HUNDRED TWENTY FOUR DOLLARS ($9,424.00). This judgment is conditioned upon and due and owing only if the Plaintiff does actually have the dental work performed pursuant to Ex. 8. Upon conclusion of this work, if the actual charge for the services is less than $9,424.00 then this judgment shall be appropriately reduced to the actual amount charged by the medical provider. If the actual charge for the services is in excess of $9,424 any excess shall be the sole responsibility of the Plaintiff.
>
> Thus, this particular judgment of $9,424.00 is not due and owing until completion of the medical services set forth within Ex. 8 and if the same are not done by the Plaintiff within a period of ninety days from the date of this Order this specific judgment will become null and void. Upon completion of the medical services the Plaintiff shall provide proof of the cost of those services to the Defendant within thirty days of completion of the work. If the Defendant is able to pass these costs through his insurance provider, he shall be allowed to do so and any portion not paid by insurance up to this judgment or the actual amount incurred shall be the responsibility of the Defendant and the Plaintiff shall be awarded judgment in that amount against the Defendant.

The above referenced "Exhibit 8" is not included in our record.

Tracey had the dental procedures performed, and David failed to pay for them. On March 14, 2017, the district court entered an order to compel, which directed David to pay the expenses he was required to pay under the September 21, 2016, order. After this order, David paid Tracey $4,740 for her dental treatments, and she paid her dentist in that amount on March 21, 2017.

On June 5, 2018, Tracey filed an application for citation in contempt, alleging that David failed to pay the total cost of her dental work as required under the September 21, 2016, order. Tracey alleged that the dental work covered under the order cost $8,365.90 and that David only paid $4,740 of that cost. Tracey asked the court to require David to show cause as to why he should

not be held in contempt for failing to pay the remaining balance. The court entered an order to show cause according to Tracey's request. David filed a reply to Tracey's motion on September 17, 2018, in which he alleged that he paid all the sums he was required to pay under the September 21, 2016, order.

The district court held a show cause hearing on October 1, 2018. David did not appear personally or through counsel. Tracey's counsel advised the court that David's counsel had requested a continuance. Tracey's counsel would not agree to a continuance because he did not wish to further delay the contempt proceedings. Our record contains no evidence that David's counsel filed a motion to continue the proceedings.

Tracey testified at the hearing to the above facts, and the court received several exhibits, including a copy of the September 21, 2016, order, and the March 14, 2017, order to compel. Additionally, the court received an email from Tracey's dentist dated September 12, 2016, which showed an estimated treatment plan and costs. The plan listed costs for two "root canals," two "build ups," two "crowns," and four "unit bridges" including two "pontic" and two "abutments" bridges. The email estimated the total costs of these procedures to be $9,424.

The court also received an account history report from Tracey's dentist. The report showed $9,991 in charges for procedures performed on Tracey between October 3 and December 19, 2016. The procedures listed in the report were generally related to the procedures listed in the dentist's email estimate. The report showed that Tracey's insurance paid $1,465.10 on these bills and that she received a $160 insurance discount. Finally, the court received an affidavit from Tracey's attorney, which reflected that he charged $1,175.77 for services related to the contempt action.

At the conclusion of the hearing, the court found that clear and convincing evidence showed David was in willful contempt of the decree. The court entered an order finding that the September 21, 2016, order required David to pay for all the procedures listed in the account history report. The court reduced the $9,991 in charges by the $1,465.10 that Tracey's insurance paid, the $160 in insurance discounts Tracey received, and the $4,740 that David had already paid. In total, the court directed David to pay Tracey's dentist $3,625.90. The court further ordered David to pay for $1,151.20 of Tracey's attorney fees in pursuing this contempt action.

David filed a motion to vacate or reconsider the judgment, alleging that his counsel had been retained a week before trial, that his counsel could not attend the show cause hearing due to a preexisting medical reason, that his counsel requested a continuance, and that he had the right to be represented by counsel on the issue of contempt. The district court entered an order denying David's motion to vacate, noting that no motion for continuance had been filed by David's attorney.

David appeals.

## ASSIGNMENTS OF ERROR

David assigns, consolidated and restated, that the district court erred in (1) finding him in contempt of the September 21, 2016, order and (2) awarding Tracey attorney fees in the amount of $1,151.20.

STANDARD OF REVIEW

In a civil contempt proceeding where a party seeks remedial relief for an alleged violation of a court order, an appellate court employs a three-part standard of review in which the trial court's (1) resolution of issues of law is reviewed de novo, (2) factual findings are reviewed for clear error, and (3) determinations of whether a party is in contempt and of the sanction to be imposed are reviewed for abuse of discretion. *Welch v. Peery*, 26 Neb. App. 966, 925 N.W.2d 375 (2019).

ANALYSIS

*Willful Contempt.*

David assigns that the district court erred in finding him in contempt of the September 21, 2016, order. When a party to an action fails to comply with a court order made for the benefit of the opposing party, such an act is ordinarily a civil contempt, which requires willful disobedience as an essential element. *Schroeder v. Schroeder*, 26 Neb. App. 227, 918 N.W.2d 323 (2018). "Willful" means the violation was committed intentionally, with knowledge that the act violated the court order. *Id.* Outside of statutory procedures imposing a different standard or an evidentiary presumption, all elements of contempt must be proved by the complainant by clear and convincing evidence. *Id.*

David argues that the $4,740 payment he made to Tracey covered all of the payments he was required to make for her dental procedures. He asserts that the clear language of the September 21, 2016, order only required him to pay for two root canals and four unit bridges, or procedures on six different teeth. The language of the September 21 order was not as clear as David asserts. The order required David to pay for the dental work Tracey had planned to undergo in June 2015. The order described that work as "involving two root canals and four unit bridges," but did not limit the work to those procedures. Exhibit 8 referred to in the order may have provided more detail regarding the procedure in its recitation of costs; however, our record does not contain that exhibit. It is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. *Rodriguez v. Surgical Assocs.*, 298 Neb. 573, 905 N.W.2d 247 (2018).

In any event, Tracey presented an email from her dentist estimating the dental procedures she required and the costs associated with those procedures and a dental account history report. The procedures listed in the account history report are generally related to the procedures listed in the dentist's email. David presented no evidence to support his argument that the procedures actually performed did not relate to the procedures he was required to pay for pursuant to the September 21, 2016, order. The record contains clear and convincing evidence that David intentionally failed to pay for all of the amount due for the dental procedures, which he had previously been ordered to pay. Based on the evidence in our record, we conclude the district court did not abuse its discretion in finding David in willful contempt of the September 21 order.

*Attorney Fees.*

David also assigns that the district court erred in awarding Michelle a $1,151.20 attorney fee. Costs, including reasonable attorney fees, can be awarded in a contempt proceeding.

*McCullough v. McCullough*, 299 Neb. 719, 910 N.W.2d 515 (2018). David does not assert that Tracey failed to prove her fees or that the amount was unreasonable. Instead, his sole argument is that attorney fees should not have been awarded because he should not have been found to be in contempt of the decree of dissolution. Because we have concluded above that the court did not err when it found David to be in contempt, we further conclude that the court did not abuse its discretion when it awarded attorney fees to Tracey.

## CONCLUSION

The record contains clear and convincing evidence that David intentionally failed to make the payments required under the September 21, 2016, order. As a result, the district court's determination that David was in willful contempt of that order was not an abuse of discretion. And because David was in willful contempt of the order, we find the district court did not abuse its discretion in awarding a $1,151.20 attorney fee to Tracey.

AFFIRMED.