GEORGE F. KREGEL ET AL., V. HERMAN H. BARTLING
ET AL.

Contempt.    The power to punish for violation of its orders or
judgments is inherent in every court having common law juris-
diction, without any expressed statutory authority.

PROCEEDINGS in contempt.

*S. H. Calhoun,* for plaintiffs.

*Frank T. Ransom* and *John C. Watson,* for defendants.

MAXWELL, J.

A decree was entered in this case in favor of the plaint-
iffs, and awarding the church property to them, and en-
joining the defendants from interfering with such pos-
session.    A mandate was sent to the district court to carry
the judgment into effect.    Since that time the plaintiffs
have filed an information and affidavits in this court alleg-
ing the continued interference of the defendants with said
property.    An order to show cause was issued, to which
the following returns are made:

"And now come Frederick W. Rodenbrock, Henry
Fastenau, and Albert Schmitker, three of the above named
defendants, and in obedience to the order of this court,
made herein on the 28th day of February, 1888, that they
show cause why they, together with the other defendants
herein, should not be punished for violating the order of
injunction heretofore issued in this cause from this court,
show to this honorable court that, since the 10th day of
November, 1887, they, nor either of them, have any part
with the other defendants herein, nor in any manner acted
with them, nor countenance them, but have in all respects
obeyed the order of this court herein."    This is a full and
sufficient return.

The other defendants make the following return: "Now come the defendants, Herman H. Bartling, William Luecke, and Louis Hobein, and for return and answer to the rule of the court issued in the above entitled cause, say as follows:

"1st.    They admit that the district court of Otoe county, Nebraska, made an order herein for an execution to issue against these defendants to place the plaintiffs in possession of the property mentioned in the petition, but they deny that any mandate signed by the clerk of this court, under the seal thereof, or signed by any justice of this court, was ever transmitted to the district court of Otoe county; and that, at the time of making the order for the execution to issue, the court's attention was called to the fact that no mandate was on file, and to the further fact that no order or paper in this case signed by the clerk of this court, or by any justice thereof, had ever been transmitted to the district court of Otoe county; that the district court of Otoe county, notwithstanding that the fact was made plain that no order had ever been transmitted to it to carry into effect the decree entered in this case, made the order for the execution to issue, which was accordingly done, and the parties placed in possession of the property as alleged in the information.

"2d.    That when the sheriff, when the execution was issued, demanded the keys and other property mentioned in the pleadings in this case, the minister employed by the defendants surrendered the keys and other property to the sheriff, and the sheriff thereupon took possession of the property; that the defendant, Herman H. Bartling, at no time had any of the church property, or any keys to the church, but the keys were in the possession of the sexton and the minister, and these were duly surrendered to the sheriff when he made the demand; that the defendant, Herman H. Bartling, and all of the defendants making this answer, positively deny that they have at any time

removed any locks or broken into the church building since the rendition of the decree in this case. They allege that they have at no time interfered with or molested the plaintiffs, or any members of the congregation, in the use and enjoyment of the property, and allege they have at no time changed or removed in any manner the locks upon the building mentioned in the information.

" 3d. These answering defendants admit that a Sunday-school has been held in the church building since the rendition of the decree in this case, regularly, in the same manner it was held prior to the entering of said decree, except on one occasion, when the plaintiffs in this action removed the locks from the doors, put new locks thereon, and debarred any and every person that had formerly attended Sunday-school there from entering the building; that the said Sunday-school had been held in that building by members of the congregation for more than five years last past, and was a separate congregation from the church, and managed by independent and separate officers and trustees, and had no connection whatever with the church congregation or the church organization, and is not now, and was in no manner interested in the litigation in this case; that the said Sunday-school is held by the members of the congregation who purchased and paid for the building and contributed to the support of it, and neither the plaintiffs in this case nor the defendants have ever interfered with or molested said persons in holding said Sunday-school in said church building, and it is only since the rendition of the decree in this case that any objection whatever has been made to the using of said church building for the purpose of holding the Sunday-school therein. The using of the building for Sunday-school purposes has in no manner interfered with or molested the plaintiffs in the use of the said building. No one was debarred from attending said Sunday-school and taking part therein, but were allowed to attend in the same manner as they had been for

more than five years last past; that the informants in this case are not desirous that any Sunday-school whatever shall be held in said building, but are desirous of destroying the Sunday-school organization already existing. They have no Sunday-school of their own to hold therein, but only desire to prevent others from using the building for the purpose of holding a Sabbath-school.

"4th. These answering defendants further show, that the church organization mentioned in the information as the First German Evangelical Zion's Congregation, of which these defendants were the church council and trustees, did, under and pursuant to authority of the statutes of Nebraska, after the rendition of the decree in this case, duly change the name of said last named congregation, at a regular annual meeting of said association, and by a two-thirds affirmative vote of the members present at said meeting, and adopted the name of the First German Evangelical Lutheran St. Paul's Church.

"5th. These answering defendants further deny each and every averment and statement contained in the information as therein stated, except those averments that have been heretofore admitted.

"6th. These defendants, further answering, say they are informed and believe that the informants in this case secretly removed the locks and bolts from the door of said church building as stated in their information, with the purpose and understanding among themselves to charge the act upon these defendants, and in pursuance to their conspiracy they did remove the locks and bolts from the door and filed this information in this case."

It will be seen that the return, in effect, admits that the parties have violated the judgment of this court. The original action was brought by one church organization against another, to determine the ownership to the property. This court rendered a judgment in favor of the plaintiffs and against the defendants. That judgment is now in full force,

and it is the duty of this court, when the proper application is made, to protect the plaintiffs' rights. The right to hold meetings or Sunday-school against the will of the plaintiffs is not to be determined by expediency, but by the rules of law. Perhaps if some of the zeal exhibited by the defendants was expended in gatherings or Sunday-schools in buildings under their exclusive control, the result might be productive of greater harmony. That this court has power to punish for contempt in this case, there is no doubt. The decree was rendered here and is still in this court. The power to punish for contempt is incident to every judicial tribune, derived from its very constitution, without any expressed statutory aid. The doctrine in these broad terms is generally asserted and is believed to be sound; the narrower doctrine, about which there is no dispute, is, that the power is. inherent in all courts of record. 2 Bishop Cr. Law (7th Ed.), § 247. *Passamore Williamson's Case*, 26 Pa. St., 9. *Mariner v. Dyer*, 2 Greenl. (Me.), 160. *State v. White*, T. U. P. Charlt. (Ga.), 123. *Yates v. Lansing*, 9 Johns. (N. Y.), 365. *Yates v. State*, 6 Johns. (N. Y.), 337. *Ex parte Yates*, 4 Johns. (N. Y.), 317. *State v. Tipton*, 1 Blackf. (Ind.), 166. *Clark v. People*, 1 Breese (Ill.), 266. *U. S. v. Hudson*, 7 Cranch. (U. S.), 32, 34. *Rex v. Cotten*, W. Kel., 133. *People v. Turner*, 1 Cal., 152. *Ex parte Adams*, 25 Miss., 883. *Morrison v. McDonald*, 21 Me., 550. *State v. Woodfin*, 5 Ired. (N. C.), 199. *Gates v. McDaniel*, 3 Port. (Ala.), 356. *Stuart v. People*, 3 Scam. (Ill.), 395. *Gorhan v. Luckett*, 6 B. Mon. (Ky.), 638. *State v. Matthews*, 37 N. H., 450. *Watson v. Williams*, 36 Miss., 331. *Ex parte Smith*, 28 Ind., 47. *In re Moore*, 63 N. C., 397. *Ex parte Robinson*, 19 Wall. (U. S.), 505. *Church v. Muscatine*, 2 Iowa, 69. *People v. Wilson*, 64 Ill., 195. *State v. Morrill*, 16 Ark., 384. *Ex parte Wright*, 65 Ind., 508. *Bean v. Bumpus*, 22 Me., 550. *Ex parte Walker*, 25 Ala., 81. *Preston v. State*, 25 Miss.,

383. 3 Am. and Eng. Ency. Law, 780. The return in this case is clearly insufficient, and should there be any further violation of the judgment of the court, it will be its duty, if that fact is made to appear, to punish such disobedience by fine or imprisonment.

JUDGMENT ACCORDINGLY.

THE other judges concur.