BILLY ROY TYLER, APPELLANT, V.
CALVIN HEYWOOD ET AL., APPELLEES.

607 N.W. 2d 186

Filed March 3, 2000. No. S-97-1301.

Billy Roy Tyler, pro se.

Don Stenberg, Attorney General, and Linda L. Willard for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## FACTUAL BACKGROUND

On September 17, 1997, Billy Roy Tyler (appellant) filed an action in the district court for Lancaster County, naming as defendants various State officials (the defendants). Appellant was granted leave to proceed in forma pauperis. His handwritten claim asserts the following:

> NeB Rev Stats [sic] 83-4114 says that 15 out of 45 days . . . respite is mandated but under practices Policies of Respondents (acting in concert and under color of state law) relator Has been Held continually in solitary confinement for 400 days or so. As complained of in 557-119 Relator Has Received ALmost 1,000 days disciplinary segregation in the "Hole." Relator invokes the jurisdiction of this Court pursuant to NeB Rev Stats §§ 25-101, 83-4,111, 83-4,114 et seq., Art I §§ 1 thru 25 the 5th, 8th, 13th & 14th Amendments to [the] US Constitution and Requests (1) a declaration that His 400 day confinement in Hole as is said violates relator's legal & constitutional rights (2) a injunction against further violations of 83-4,114 as well as a order immediately Removing Relator from Hole for said aggregate 15 days Respite as suBtracted from 400 days (3) $50,000,000 punitive and compensatory damages as well as whatever else the court deems just and meet in the Premises.

The defendants filed a motion to make more definite and certain, asserting that "the Petitioner's Petition [is] so vague and ambiguous that they cannot reasonably frame a responsive pleading." The district court conducted a telephonic hearing with the parties regarding this motion on November 25, 1997. The substance of this hearing was as follows:

[Appellant's attorney]: Mr. Tyler has filed this as a civil action, but has not delineated further what action it is. He has not made a definite statement in relation to whether it might be a civil rights action, a declaratory judgment action, a mandamus. Because it makes a big difference in qualified immunity how the people — individuals should be served. A variety of issues are raised, depending upon which type of action this is. And also it's very vague as to what each one of the defendants did that brought them into this action.

And we're asking for a more definite statement in relation to the action or inaction of each defendant that would have brought them into this action.

THE COURT: All right. Mr. Tyler.

PETITIONER TYLER: She can tell from reading the lawsuit. If you read it — Have you read it?

THE COURT: Yes, sir, I have.

PETITIONER TYLER: Can you tell what I'm talking about?

THE COURT: That's the issue we're going to decide.

PETITIONER TYLER: I'm asking you, you're the judge. Are you able to ascertain what it is or is it so vague you just don't have a clue?

THE COURT: Do you have an argument to be made, Mr. Tyler?

PETITIONER TYLER: No. Fuck you, mother fucker.

THE COURT: Mr. Tyler, you're in contempt of court.

PETITIONER TYLER: Fuck you, mother fucker, —

THE COURT: This hearing is at a conclusion.

PETITIONER TYLER: — fuck you —

On November 25, 1997, after the hearing had been concluded, the court made a minute entry stating that "[b]ased on

plaintiff's contemptuous conduct during this hearing, this case is dismissed."

Appellant then appealed the dismissal of his case, asserting that the "Trial Court Erred in denying Relator Plenary Review and erred In dismissing Appellant's case upon demurrer." The Nebraska Court of Appeals found that the case had not been dismissed on a demurrer, but on the district court's own motion, as a sanction for appellant's direct act of contempt upon the court. *Tyler v. Heywood*, 8 Neb. App. 553, 598 N.W.2d 73 (1999). The Court of Appeals further determined that the district court lacked the authority to dismiss a case upon its own motion for contempt because Neb. Rev. Stat. § 25-601 (Reissue 1995) does not list contempt as one of the grounds available for dismissal upon the court's own motion. The Court of Appeals then reversed the order of dismissal and remanded the cause for further proceedings. The State petitioned for further review, which we granted.

## ASSIGNMENTS OF ERROR

In its petition for further review, the State asserts that the Court of Appeals erred in determining that the district court improperly dismissed appellant's suit as a sanction for his direct contempt.

## STANDARD OF REVIEW

■ An appellate court, reviewing a final judgment or order in a contempt proceeding, reviews for errors appearing on the record. When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. A trial court's factual finding in a contempt proceeding will be upheld on appeal unless the finding is clearly erroneous. *Klinginsmith v. Wichmann*, 252 Neb. 889, 567 N.W.2d 172 (1997).

■ Appellate review of a district court's use of inherent power is for an abuse of discretion. *Schindler v. Walker*, 256 Neb. 767, 592 N.W.2d 912 (1999).

## ANALYSIS

■ We first consider whether the district court correctly found that appellant's actions constituted contempt. It is a long-

standing rule that insolent, insulting, or notorious language directed at the court constitutes grounds for a finding of contempt. *In re Dunn*, 85 Neb. 606, 124 N.W. 120 (1909). Appellant's language here obviously fits within that definition. We also note that this is not a case where appellant uttered an unreflective expletive in open court due to the pressures of the moment, or where appellant and the court were engaged in an argumentative colloquy being fed by both sides. See *Connell v. State*, 80 Neb. 296, 114 N.W. 294 (1907), *overruled on other grounds, State, ex rel. Wright v. Barlow*, 132 Neb. 166, 271 N.W 282 (1937). Instead, we have here an unprovoked stream of obscenities in open court, directed toward the court during a hearing, "calculated . . . to lessen respect in the authority, dignity, and integrity of courts generally, and particularly the court toward which [the language] was directed." See *McFarland v. State*, 172 Neb. 251, 261, 109 N.W.2d 397, 404 (1961).

■ Appellant's conduct was an act of direct contempt. Direct contempt occurs in the presence of the court, so that the court has personal knowledge of the facts and has no need to inform itself of them by using witnesses or other evidence. *In re Contempt of Potter*, 207 Neb. 769, 301 N.W.2d 560 (1981). Direct contempt may be punished summarily. *Id.* Indirect contempt, in contrast, occurs outside the presence of the court and requires "some notice of the facts allegedly constituting the contempt and a hearing or opportunity to be heard." *Id.* at 773, 301 N.W.2d 563.

In a concurring opinion in *Tyler v. Heywood*, 8 Neb. App. 553, 598 N.W.2d 73 (1999), a concern is raised about the sufficiency of the district court's order, citing *Gonzalez v. State*, 119 Neb. 13, 226 N.W. 801 (1929), and *Tastee Inn, Inc. v. Beatrice Foods Co., Inc.*, 167 Neb. 264, 92 N.W.2d 664 (1958). However, unlike the present case, the records in *Gonzalez, supra*, and *Tastee Inn, Inc., supra*, did not adequately set out the allegedly contemptuous conduct. In this case, the bill of exceptions, as quoted above, adequately identifies the behavior occurring in the presence of the court upon which appellant was found in contempt.

After the court informed appellant that he was in contempt, appellant's use of obscenities continued. The court then appropriately ended the hearing, at which time appellant used still

more obscenities. As we first noted in *Ferson v. Armour & Co.*, 109 Neb. 648, 651, 192 N.W. 125, 127 (1923), "A court is not a mere instrument of litigants for the settlement of private controversies. It is a separate department of government. Out of its findings and judgments . . . grow rules of conduct applicable to society as a whole." We determine that the district court was not clearly erroneous in finding that appellant's language during the hearing constituted contempt. *Klinginsmith v. Wichmann*, 252 Neb. 889, 567 N.W.2d 172 (1997); *In re Dunn, supra.*

We next turn to the issue of whether the district court possessed the authority to dismiss appellant's case as a sanction for his contempt. It is a longstanding and well-established rule in this State that "[t]he power to punish for contempt is incident to every judicial tribune, derived from its very constitution, without any expressed statutory aid [and] inherent in all courts of record." *Kregel v. Bartling*, 23 Neb. 848, 352, 37 N.W. 668, 670 (1888). See, also, *In re Interest of Krystal P. et al.*, 251 Neb. 320, 557 N.W.2d 26 (1996); *In re Contempt of Potter*, 207 Neb. 769, 301 N.W.2d 560 (1981); *Bahm v. Raikes*, 200 Neb. 195, 263 N.W.2d 437 (1978); *Paasch v. Brown*, 199 Neb. 683, 260 N.W.2d 612 (1977); *State ex rel. Beck v. Frontier Airlines, Inc.*, 174 Neb. 172, 116 N.W.2d 281 (1962); *Butterfield v. State*, 144 Neb. 388, 13 N.W.2d 572 (1944); *In re Dunn*, 85 Neb. 606, 124 N.W. 120 (1909); *Nebraska Children's Home Society v. State*, 57 Neb. 765, 78 N.W. 267 (1899). Accordingly, Neb. Rev. Stat. § 25-2121 (Reissue 1995), which grants courts the power to punish contempt by "fine and imprisonment," does not limit the court's inherent authority to impose sanctions in addition to what is listed in § 25-2121. *In re Interest of Krystal P. et al., supra.*

The Court of Appeals reasoned that the district court lacked authority under § 25-601 to dismiss appellant's case. Section 25-601 states:

An action may be dismissed without prejudice to a future action . . . by the court where the plaintiff fails to appear at the trial . . . for want of necessary parties . . . on the application of some of the defendants where there are others whom the plaintiff fails to diligently prosecute [and]

for disobedience by the plaintiff of an order concerning the proceedings in the action.

However, in *In re Interest of Krystal P. et al.*, we expressly held that the court's inherent authority to punish contempt is not circumscribed by statute. See, also, *In re Contempt of Potter, supra.* As we have already stated, the court's contempt powers are inherent and not derived from or circumscribed by statute. *Id.*

In *Pressey v. State*, 173 Neb. 652, 114 N.W.2d 518 (1962), we noted that dismissing an action is one of the more coercive measures available to the court and as such, should be used sparingly. However, we also noted that "[i]t should be equally evident that it is necessary on occasions for courts to resort to such action in the interest of the orderly administration of justice." *Id.* at 657, 114 N.W.2d at 522.

■ Having determined that the court possesses the inherent authority to dismiss a case for direct contempt, the remaining question is whether the district court abused its discretion in doing so. "A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition." *Parde v. Parde, ante* p. 101, 106, 602 N.W.2d 657, 661 (1999), citing *Pope v. Pope*, 251 Neb. 773, 559 N.W.2d 192 (1997).

Given the facts of this case, we conclude that the district court's dismissal of appellant's case as a sanction for direct contempt was not clearly untenable. It is undeniable that appellant's language was contemptuous. Even after appellant was told that he was in contempt, he continued to use contemptuous language. Additionally, as noted by the dissenting judge in *Tyler v. Heywood*, 8 Neb. App. 553, 598 N.W.2d 73 (1999), the imposition of a fine or incarceration would not be meaningful, given that the record shows appellant is indigent and already incarcerated.

## CONCLUSION

The decision of the Court of Appeals is reversed, and the cause is remanded to the Court of Appeals with directions to reinstate the district court's order of dismissal.

REVERSED AND REMANDED WITH DIRECTIONS.