PENN CAL, L.L.C., AND MICHAEL HUXEN, INDIVIDUALLY, APPELLEES, V. PENN CAL DAIRY, A TEXAS PARTNERSHIP, AND JIM HUFFMAN, INDIVIDUALLY, APPELLEES, AND GLEN SIMONTON, INDIVIDUALLY, APPELLANT.

646 N.W.2d 601

Filed June 21, 2002.   No. S-01-226.

Maurice A. Green, of Green Law Offices, P.C., for appellant.

G. Peter Burger, of Burger & Bennett, P.C., for appellee Jim Huffman.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Appellant, Glen Simonton, obtained a judgment against appellee Jim Huffman in the Erath County District Court, 266th Judicial District, Erath County, Texas (Texas judgment). Pursuant to the Nebraska Uniform Enforcement of Foreign Judgments Act (UEFJA), Neb. Rev. Stat. §§ 25-1587.01 to 25-1587.09 (Reissue 1995), Simonton registered the Texas judgment in Nebraska, in the Red Willow County District Court. Thereafter, Simonton moved the district court for an order finding Huffman in contempt of court due to his failure to comply with the Texas judgment. Following a show cause hearing on Simonton's contempt motion, the district court concluded that under the UEFJA, failure to comply with the terms of a registered foreign judgment was not subject to its contempt power, because the judgment had not been issued by that district court in the first instance. The district court dismissed the contempt proceedings. Simonton appeals. We reverse the district court's order and remand the cause for further proceedings.

## STATEMENT OF FACTS

The relevant facts are not in dispute. Penn Cal, L.L.C., and Michael Huxen sued Penn Cal Dairy, Huffman, and Simonton in the Erath County District Court, 266th Judicial District, Erath County, Texas. The nature and course of the Texas proceedings are not in the record before this court. However, according to the Texas judgment, Simonton became a judgment creditor of Huffman. On June 4, 1999, the district court for Erath County, Texas, issued the Texas judgment, which provided, inter alia, as follows:

> JIM HUFFMAN is ordered to execute that certain unsecured promissory note, attached to the **"Mutual Release, Compromise and Settlement Agreement"** as Exhibit "A" which note is dated October 1, 1998, in the original principle sum

of $353,000.00, payable to PENN-CAL, L.L.C., a Texas Limited Liability Company/MICHAEL HUXEN/GLEN SIMONTON. JIM HUFFMAN is ORDERED to deliver said note to Plaintiff, MICHAEL HUXEN . . . no later than ten (10) days from the date of this judgment.

On October 13, 2000, Simonton filed an authenticated copy of the Texas judgment with the district court for Red Willow County, Nebraska, in accordance with § 25-1587.03, which provides as follows:

A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed on or after January 1, 1994, in the office of the clerk of any court of this state having jurisdiction of such action. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of this state and may be enforced or satisfied in like manner.

Huffman filed no objection or other response to the filing of the authenticated foreign judgment.

On December 7, 2000, Simonton filed a motion for citation to issue, seeking an order "commanding [Huffman] to appear in Court and show cause, if any he may have, why he should not be held in contempt of Court by failing to obey the [June 4, 1999] Order." On the same date, the district court entered its show cause order and ordered Huffman to appear in court on January 3, 2001. Huffman filed an "answer" to the motion on December 28, 2000, in which he alleged, inter alia, that the district court did not have "subject matter jurisdiction to try proceedings alleging contempt of the [order contained in the Texas judgment]."

On January 3, 2001, Huffman and Simonton appeared before the Red Willow County District Court on Simonton's contempt motion and Huffman's "answer" thereto. Before addressing the merits of the motion, the district court indicated that it wished to address certain legal issues and directed the parties to submit briefs on the issue of whether the district court had the authority to enforce a foreign judgment registered under the UEFJA through contempt proceedings.

After receiving the parties' briefs, the district court entered an order on February 6, 2001, in which it determined that Simonton had duly filed an authenticated copy of the Texas judgment with the district court, that 30 days had passed with no objection, and that therefore, the registration of the judgment was "final." With respect to the issue of whether the district court could enforce compliance with the Texas judgment through contempt proceedings, the district court stated:

> [T]he effect of registration of a foreign judgment, although it makes the judgment the same as and subject to the same conditions as a domestic judgment . . . does not make the judgment subject to the contempt of court powers of this Court because the judgment was not issued by this Court, because although the order becomes domesticated, it is still not an order of this Court.

The district court further stated that "only the tribunal whose order has been violated or proceeding interfered with has the power to punish contempt." The district court concluded that it did not have the authority to issue a citation for contempt against Huffman. Accordingly, the district court found that the December 7, 2000, show cause order was improvidently granted and ordered the matter dismissed. Simonton appeals.

## ASSIGNMENT OF ERROR

On appeal, Simonton assigns one error. Simonton claims, restated, that the district court erred in dismissing the contempt proceedings against Huffman based upon its conclusion that under the UEFJA, it was unable to use its contempt power to enforce an authenticated and registered foreign judgment.

## STANDARD OF REVIEW

Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Salkin v. Jacobsen*, 263 Neb. 521, 641 N.W.2d 356 (2002).

## ANALYSIS

Section 25-1587.03 provides that an authenticated copy of a foreign judgment, filed in a district court of this state, "has the

same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of this state and may be enforced or satisfied in like manner." The UEFJA is silent as to the specific issue of whether the orders contained in a registered foreign judgment may be enforced through contempt proceedings conducted by the court in which the judgment is registered. We note, however, that courts in other jurisdictions have concluded, albeit without discussion, that foreign judgments registered in their states pursuant to their versions of the UEFJA may be enforced through contempt proceedings. See, e.g., *Behr v. Behr*, No. C8-95-428, 1995 WL 497337 (Minn. App. Aug. 22, 1995) (concluding trial court did not abuse discretion in using civil contempt to enforce registered foreign judgment); *Wilder v. Wilder*, 93 Misc. 2d 247, 402 N.Y.S.2d 559 (1978) (determining contempt authority available remedy to enforce registered foreign judgments).

■ It is well settled that the district courts of this state have the inherent power to enforce compliance with court orders and judgments through contempt proceedings. We have stated:

> [C]ourts have the inherent power to do those things reasonably necessary for the administration of justice in the exercise of their jurisdiction [and] courts are charged with the duty of guarding their proceedings against everything which interferes with the orderly administration of justice, and . . . the power to punish for violation of its orders or judgments is inherent in every court having common-law jurisdiction. . . . [T]he power to punish for contempt is incident to every judicial tribune, derived from its very constitution, without any expressed statutory aid and inherent in all courts of record.

(Citations omitted.) *State v. Davidson*, 260 Neb. 417, 429, 618 N.W.2d 418, 428 (2000). See, also, *Tyler v. Heywood*, 258 Neb. 901, 906, 607 N.W.2d 186, 190 (2000) (noting "longstanding and well-established rule" of inherent power of district courts to punish for contempt).

Pursuant to § 25-1587.03, the Texas judgment, when duly authenticated and filed in a district court in this state, is to be treated "in the same manner as a judgment of a court of this state . . . and may be enforced or satisfied in like manner." Hoffman

does not challenge the authentication or the manner of filing of the Texas judgment in the Red Willow County District Court. Pursuant to the UEFJA, the Texas judgment is to be treated in the same manner as if it were initially a judgment of this state.

█ Given the district court's inherent power to punish individuals for contempt of its orders, see *State v. Davidson, supra,* and *Tyler v. Heywood, supra,* the Red Willow County District Court had the inherent power to punish Huffman for his contempt of the Texas judgment which had been properly registered under the UEFJA in the Red Willow County District Court. Based on our interpretation of the UEFJA, the district court erred as a matter of law in concluding that it did not have the authority under the UEFJA to enforce the order contained in the Texas judgment through contempt proceedings and in dismissing the contempt proceedings.

## CONCLUSION

Under the UEFJA, the district court has the authority to enforce the order contained in the Texas judgment registered under the UEFJA through its contempt power. Its conclusion to the contrary was error as a matter of law. We reverse the district court's February 6, 2001, order dismissing the contempt proceedings and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.