IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

ROSBERG V. ROSBERG

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

KELLY R. ROSBERG, APPELLEE,

V.

PAUL A. ROSBERG, APPELLANT.

Filed October 15, 2019.    No. A-18-790.

Appeal from the District Court for Knox County: PAUL J. VAUGHAN, Judge. Affirmed.

Paul A. Rosberg, pro se.

No appearance for appellee.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

Paul A. Rosberg, pro se, appeals from an order of the Knox County District Court denying his motions to hold Kelly R. Rosberg in contempt for various parenting time issues. We affirm.

BACKGROUND

DIVORCE DECREE

Pursuant to a divorce decree entered by the district court on July 28, 2017, Kelly received legal and physical custody of the parties' minor children, subject to Paul's reasonable rights of parenting time. The parenting plan provided parenting time for Paul every other weekend from Friday at 6 p.m. to Sunday at 6 p.m., 2 continuous weeks during the school summer vacation, and it established a holiday parenting time schedule. Paul was to pay Kelly child support in the amount of $2,453 per month for the five children who were still minors commencing August 1. Paul was also ordered to pay Kelly alimony in the amount of $500 per month for 36 months commencing August 1. Paul filed his notice of appeal in the divorce case on August 27, 2017. Following

- 1 -

numerous delays from requests for extensions of time related to the preparation of the record and briefs, the matter was submitted to this court and we affirmed the decree as modified (modification related to value of marital estate and equalization payment). See *Rosberg v. Rosberg*, No. A-17-909, 2019 WL 1906234 (Neb. App. Apr. 30, 2019) (selected for posting to court website). Paul filed a petition for further review with the Nebraska Supreme Court; that petition was denied on August 5, 2019.

CURRENT APPEAL

Paul filed numerous motions in the district court after the divorce decree was entered on July 28, 2017, and while the appeal of the decree was pending.

On November 21, 2017, Paul filed a "Motion for protection order and request that Kelly have supervised visitation and that Kelly be ordered to stay 500 feet from Paul['s] . . . residence." In his "Motion," which also included an "Affidavit" heading, Paul sought, in part, "a protection order that gives him full custody of the minor children." He also asked for a trial by jury.

On December 1, 2017, the district court issued an order on attorney's fees. Knox County was ordered to pay the attorney fees and expenses ($2,349.60) to Paul's court-appointed attorney (in a previous contempt action). However, the court ordered Paul to reimburse Knox County for the payment of those fees and expenses after finding, "based upon the financial records received during the trial in this matter, that [Paul] is not indigent and has sufficient assets to reimburse Knox County for payment of fees." Paul filed a motion to reconsider on December 11; the disposition of this motion, if any, does not appear in our record.

On December 19, 2017, Paul filed a "Motion in response to Kelly Rosberg false statement Motion requesting Kelly Rosberg stop harassing [Paul]."

On March 5, 2018, Paul filed a motion for sole custody of one of the parties' children, claiming that child had been living with him since September 2017.

On March 23, 2018, Paul filed a "Motion to have a trial in regards to [named judge's] unlawful order of December 1, 2017," regarding whether Paul was obligated to reimburse Knox County for attorney fees. He also asked the court to have "all his other motions heard," including his motion filed on November 21, 2017, which we set forth above.

On May 15, 2018, Paul filed a "Motion for Contempt Citation," seeking a show cause order against Kelly, and alleging she failed to allow his court-ordered parenting time. More specifically, in the affidavit attached to and incorporated into his motion, Paul stated that he had not been able to see his three youngest children since July 2015. He also made numerous other accusations regarding Kelly and the district court judge.

On May 21, 2018, Paul filed a document seeking the judge's recusal from the case.

On June 4, 2018, Paul filed a "Motion to have all of [his] Motions heard before This Common Law Court." In that motion, he requested a jury to have all his motions heard, including his request to have full custody of the children.

On June 5, 2018, the district court entered an order stating that Paul had previously demanded jury trials and had been told he was not entitled to a jury in a divorce proceeding or any related matters in the divorce proceeding; the district court denied his request to have pending matters heard before a jury. The order indicates that it scheduled Paul's "contempt motion" for hearing on June 15 at 10 a.m., and the court would "hear that motion only"; "Other matters which

have been filed by the parties during the pendency of the Appeal cannot be heard by the Court until the Appeal is completed." (As noted previously, that appeal was decided by this court on April 30, 2019, and Paul's petition for further review to the Nebraska Supreme Court was denied on August 5.) The district court stated, however, that it did still have jurisdiction over contempt proceedings.

On June 15, 2018, Paul filed a motion for reconsideration of the "unlawful" June 5 order, claiming the judge "is once again committing Treason" by violating his right to a jury trial. He stated that "[the judge] can stop acting stupid," and that it was error for the court to stop the clerk of the court from convening a jury pool.

On June 20, 2018, Paul filed a "Motion for Contempt Citation," seeking a contempt of court order related to parenting time. In an affidavit attached to the motion, he claimed he was unable to attend the June 15 hearing (on a "contempt motion") because of an issue between two of his children. He also claimed he "prepaired [sic] [his] Special Appearance paper in a hurry and took them to Center and had Them There at 8:30 AM anticapating [sic] serious problems with [the two children]." In his affidavit he stated that he "sent several requests that [he] be allowed summer visitation and Kelly has not allowed it." He also made numerous other claims and accusations regarding Kelly and the district court judge, and he attached other affidavits and letters that had been previously attached to his May 15 motion for contempt.

On July 12, 2018, Paul filed a "Motion for Motion for <u>Contempt Citation That was filed on June 20, 2018</u> To be heard and Issuance of Order seting [sic] show cause hearing date. <u>Protection Hearing</u>." (Underscoring in original.) He attached an affidavit which he claimed conclusively showed Kelly was in contempt of court, and he requested "that there be a protection hearing set to hear the issue." He also requested that one of his sons not be allowed to have access to guns or brass knuckles, and that Kelly should not be allowed to have a handgun in her house or vehicles where the children are able to play with them. He also requested full custody of the children. In the affidavit attached to his motion, Paul said he was supposed to have visitation with the children the weekend of July 6, but one of his children did not attend, so "[o]nce again, Kelly prevented [him] from having visitation with all [his] children as ordered by the divorce decree." He also stated that Kelly "has not, as of yet, allowed [him] to have the summer visitation time" awarded to him in the decree. Additionally, he also made numerous other claims and accusations regarding two of his children, Kelly, and the district court judge.

On July 31, 2018, Paul filed a "Motion for '<u>Motion for Contempt Citation'</u> that was filed on 6/20/2018, Motion for '<u>Motion of Contempt Citation''</u>, that was filed on 6/20/2018 to be Heard, and '<u>Issuance of an Order Setting Show Cause Hearing Date and Protection Order Hearing''</u>) that was filed on 7/12/2018." (Underscoring in original.) In the motion, which also included an "Affidavit" heading, he stated that Kelly "prevented [him] from having visitation with the children, with the exception of [one named child] until the weekend starting May 1, 2018." However, one of his daughters did not attend visits during two weekends in May, a different daughter did not attend a visit during one weekend in July, and one of his sons did not attend a visit during a different weekend in July. "Even now, since Kelly has been allowing weekend visitation, she has been preventing [Paul] from having visitation with all of the children," which is in violation of the court order. Paul again stated that Kelly had not allowed his summer visitation. And once again, he also made numerous other claims and accusations regarding Kelly and the district court judge.

On August 7, 2018, Paul filed a "Motion for Contempt Citation." In his affidavit, Paul stated that Kelly prevented him from having visitation the weekend of August 3, and that she had refused to allow him to have his 2 weeks of summer visitation.

On August 14, 2018, the district court entered the order from which Paul appeals in this case. The order references the motion filed by Paul on July 31, "requesting hearings on several contempt matters that [Paul] has previously filed." The court noted it had issued a show cause order and was present for the hearing scheduled on June 15 to take up Paul's motion for contempt. The court further noted that Paul was in the courthouse earlier that day (June 15) to file his "Appearance Though [sic] Special Appearance" (not in our record) in the contempt matter, but failed to appear at the scheduled hearing. The court stated:

> Due to the fact [Paul] failed to appear, the Court is unwilling to schedule any further contempt matters by [Paul] while the appeal in this matter is pending. The Court is unwilling to allow [Paul] to continue to demand hearings and then to inconvenience [Kelly] and the Court and not appear for those hearings.
>
> Therefore all pending motions for Contempt Citation are denied.

Paul filed his notice of appeal in this case on August 17, 2018, stating he was appealing the "unlawful order" made on August 14. Accordingly, Paul is appealing from an order denying his motions to hold Kelly in contempt for various parenting time issues.

## ASSIGNMENTS OF ERROR

Paul claims, consolidated and restated, that the district court erred by (1) denying his request for a trial by jury in a common law court, (2) the judge failing to recuse himself, (3) preventing issues from being heard, and (4) denying and preventing Paul from having due process and equal protection under the law.

## STANDARD OF REVIEW

In a civil contempt proceeding where a party seeks remedial relief for an alleged violation of a court order, an appellate court employs a three-part standard of review in which (1) the trial court's resolution of issues of law is reviewed de novo, (2) the trial court's factual findings are reviewed for clear error, and (3) the trial court's determinations of whether a party is in contempt and of the sanction to be imposed are reviewed for abuse of discretion. *Hossaini v. Vaelizadeh*, 283 Neb. 369, 808 N.W.2d 867 (2012).

## ANALYSIS

### TRIAL BY JURY AND MOTION TO RECUSE

Paul argues that the contempt action should have proceeded via a trial by jury in a court of common law. However, we are unaware of any authority allowing for a trial by jury in a civil contempt action related to a divorce decree. See, *McCullough v. McCullough*, 299 Neb. 719, 910 N.W.2d 515 (2018) (court's continuing jurisdiction over dissolution decree includes power to provide equitable relief in contempt proceeding); *Marshall v. Marshall*, 298 Neb. 1, 902 N.W.2d 223 (2017) (in Nebraska, dissolution of marriage cases are equitable in nature); *Eihusen v. Eihusen*, 272 Neb. 462, 723 N.W.2d 60 (2006) (appellate courts have traditionally denied jury trials in

- 4 -

equitable actions and provided jury trials as matter of right in legal actions); *Else v. Else*, 219 Neb. 878, 367 N.W.2d 701 (1985) (divorce nonexistent at common law). See, also, *Rosberg v. Rosberg*, No. A-17-1229, 2019 WL 1914915 (Neb. App. Apr. 30, 2019) (selected for posting to court website) (petition for further review denied).

Paul also argues that the trial judge should have recused himself. However, we find no abuse of discretion in the judge's decision not to recuse himself, and further, we find nothing in the record to establish bias or prejudice as a matter of law. See *McCullough v. McCullough, supra* (motion requesting judge to recuse himself on ground of bias or prejudice is addressed to discretion of judge, and order overruling such motion will be affirmed on appeal unless record establishes bias or prejudice as matter of law).

PREVENTING ISSUES FROM BEING HEARD

In the "Proposition of Law" section of his brief, Paul claims the district court abused its discretion when it "would not address [Paul's] motions and let them sit there in limbo." Brief for appellant at 9. In the "Statement of Facts" section of his brief, Paul lists a number of dates on which he filed motions that the district court "never heard or ruled on." Brief for appellant at 10. And in the "Summary of Argument" section of his brief, Paul asserts that "[his] motions, even in equity court, should have been heard, especially the child custody of [named child], the protection request, and his contempt of court request against Kelly Rosberg for not allowing him visitation with the children." Brief for appellant at 13. However, Paul's notice of appeal in this case specifically states he is appealing the "unlawful order" made on August 14, 2018 (which denied his motions to hold Kelly in contempt for various parenting time issues). Accordingly, any motions other than contempt motions related to parenting time are not at issue in this current appeal.

As for the contempt motions related to parenting time, we initially note that there was supposed to be a contempt hearing on June 15, 2018, but that Paul did not attend that hearing. In later motions, Paul stated that he was unable to attend the June 15 hearing because of an issue between two of his children; he also stated that Kelly was aware that he could not attend the hearing, but that she "did not tell the judge because she did not want him to know." There is no bill of exceptions from the June 15 hearing in our record. Nor does our record contain any order that may have been entered following that hearing (and we note that Paul did not request any such order in his praecipe for transcript). Thus, we do not know how the district court disposed of the contempt motion that was to be the subject of the June 15 hearing (e.g., whether it was dismissed, denied, or subject to a different ruling). Regardless, as noted above, Paul's notice of appeal in this case specifically states he is appealing the "unlawful order" made on August 14, 2018, wherein the court denied "all pending motions for Contempt." Thus, it is only the August 14 ruling that is the subject of this appeal.

In the August 14, 2018, order, the district court stated:

> Due to the fact [Paul] failed to appear [at the June 15 hearing], the Court is unwilling to schedule any further contempt matters by [Paul] while the appeal in this matter is pending. The Court is unwilling to allow [Paul] to continue to demand hearings and then to inconvenience [Kelly] and the Court and not appear for those hearings.
>
> Therefore all pending motions for Contempt Citation are denied.

We can certainly understand the district court's frustration regarding Paul's failure to attend the June 15 hearing, especially in light of the fact that he had been in the courthouse earlier that day to file other motions (the fact that Paul was present to file other motions that same day calls into question his reasoning for missing the scheduled hearing). And we find it curious that Paul, who was already at the courthouse filing other motions, did not also file a motion to continue the hearing scheduled for that day; it was not Kelly's job, as Paul suggests, to tell the court why Paul could not attend a hearing he requested.

We can also understand the district court's apparent frustration about Paul, who the court stated "continue[d] to demand hearings" and then "inconvenience[d] [Kelly] and the Court" by not appearing at those hearings. To the extent there were repeated instances of Paul requesting hearings for which he failed to appear, the record before us does not reveal that (although our record is limited to select motions and orders requested by Paul in his praecipe). Regardless, Paul does not assert that the court's statement was false, nor does he present us a record that rebuts the court's statement. Accordingly, we accept the court's statement as true in terms of possible past instances (including the June 15, 2018, scheduled hearing at which Paul failed to appear), and if intended as a reference to expected future filings, the record certainly supports the court's concern that further filings by Paul containing content repetitious of past filings could be expected while the divorce appeal was still pending. Either way, the district court has the authority to reasonably limit Paul's access to the courts to prevent the abuse of the judicial process.

"While there is a generally recognized constitutional right of access to the courts, courts can place restrictions on such access in order to prevent the abuse of the judicial process, to avoid unnecessary delay in the prosecution of actions, and to guard against actions that are frivolous or malicious." *State ex rel. Tyler v. Douglas Cty. Dist. Ct.*, 254 Neb. 852, 856, 580 N.W.2d 95, 98 (1998) (finding that district court was within its discretion to limit number and frequency of filings litigant may file pro se and in forma pauperis, and that limit imposed did not unconstitutionally limit litigant's access to judicial system). Furthermore, "Nebraska courts, through their inherent judicial power, have the authority to do all things necessary for the proper administration of justice." *Putnam v. Scherbring*, 297 Neb. 868, 877, 902 N.W.2d 140, 146 (2017) (concluding that district court did not abuse its discretion in excluding evidence disclosed over 1 year after discovery deadline imposed by court's progression order). See, also, *In re Interest of Zachary D. & Alexander D.*, 289 Neb. 763, 857 N.W.2d 323 (2015) (authority includes power to punish for contempt); *Charles Sargent Irr. v. Pohlmeier*, 27 Neb. App. 229, 929 N.W.2d 527 (2019) (noting district court's inherent power, upholding district court's decision to enter default judgment against defendant as sanction for failing to respond to discovery).

The record in this case reveals that Paul filed numerous motions after he appealed his divorce decree; many of his motions could not be heard by the district court because it lacked jurisdiction pending resolution of the divorce appeal. And although the district court continued to have jurisdiction over contempt matters, Paul failed to appear for a hearing on June 15, 2018; this was a hearing he had requested to take up matters related to his contempt allegations against Kelly. Paul did not ask for a continuance nor otherwise notify the court about his inability to appear. Paul continued to repeatedly file contempt motions; he filed four contempt actions between June 20 and August 7. Further, in his numerous filings, Paul made claims and accusations using very disrespectful language regarding Kelly, the district court judge, and others. It is a longstanding rule

that insolent, insulting, or notorious language directed at the court constitutes grounds for a finding of contempt which can result in sanctions imposed by the court. See *Tyler v. Heywood*, 258 Neb. 901, 607 N.W.2d 186 (2000) (finding district court's dismissal of appellant's case as sanction for direct contempt was not clearly untenable).

Although there was no finding of contempt resulting from Paul's actions based on the record provided to us, the district court did enter the August 14, 2018, order, without a hearing, denying Paul's pending contempt motions and expressing the court's unwillingness to schedule further contempt matters while the divorce appeal was pending. We conclude the district court had the authority to enter such an order based on the circumstances of this case. Paul's actions -- filing repetitious motions and failing to appear for a hearing scheduled specifically at his request -- constitute an abuse of the judicial process. While we acknowledge that a party's failure to appear for a hearing may not by itself constitute an abuse of the judicial process in other circumstances, the totality of the record before us in this case supports such a conclusion. Paul cannot burden the court with numerous filings containing repetitious derogatory allegations against Kelly and the court, make multiple demands to be heard, and then simply choose not to appear for the hearing scheduled at his request. The district court was within its authority when it temporarily delayed Paul's ability to schedule further contempt proceedings while the divorce appeal was pending; this temporary limitation was reasonable in duration and scope in light of Paul's failure to appear at the June 15 hearing on his contempt motion where the court awaited ready to proceed. The district court's August 14 order did not unreasonably restrict Paul's access to the courts given its temporary duration and application only to Paul's ability to schedule contempt matters. Such a limited restriction on access to the court which is designed to prevent the abuse of the judicial process is within the district court's discretion. See *State ex rel. Tyler v. Douglas Cty. Dist. Ct., supra.*

## DUE PROCESS AND EQUAL PROTECTION

Finally, Paul claims that the district court's order compelling him to pay attorney fees to Knox County was made without having a hearing in an open court, and thus his due process rights were violated. However, the district court's order compelling the payment of attorney fees was filed on December 1, 2017 (a motion to reconsider was filed on December 11; nothing in our record shows the motion was ruled on). As noted previously, Paul's notice of appeal in this case specifically states he is appealing the "unlawful order" made on August 14, 2018 (which denied his motions to hold Kelly in contempt for various parenting time issues). Accordingly, the district court's December 1, 2017, order is not at issue in this current appeal.

## CONCLUSION

For the reasons stated above, we find no error in the district court's denial of a trial by jury in a common law court and the court's denial of the request for recusal. We affirm the district court's order of August 14, 2018, which denied Paul's pending contempt motions and declined to schedule any further contempt matters while the parties' divorce appeal remained pending.

AFFIRMED.