Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/26/2026 08:07 AM CDT

Hope Npimnee, appellant, v. Joy
Shiffermiller, appellee.

Hope Npimnee, appellant, v. Kent Florom, in personal
and official capacity, et al., appellees.

Hope Npimnee, appellant, v. Nathan Sohriakoff, in
personal and official capacity, and Lancaster
County, Nebraska, appellees.

Hope Npimnee, appellant, v. Officer Sanchez,
in personal and official capacity,
et al., appellees.

___ N.W.3d ___

Filed June 26, 2026.    Nos. S-26-215, S-26-217 through S-26-219.

1. **Courts.** Nebraska courts, through their inherent judicial power, have the authority to do all things necessary for the proper administration of justice.

2. ____. The Nebraska Supreme Court has been charged with administering the system of justice by exercising managerial authority over the inferior courts. Through its inherent judicial power, the Nebraska Supreme Court has authority to do all things that are reasonably necessary for the proper administration of justice, whether any previous form of remedy has been granted or not.

3. ____. Courts are charged with the duty of guarding their proceedings against everything which interferes with the orderly administration of justice.

4. **Contempt.** Insolent, insulting, or notorious language directed at the court constitutes grounds for a finding of contempt.

5. ____. Direct contempt occurs in the presence of the court, so that the court has personal knowledge of the facts and has no need to inform itself of them by using witnesses or other evidence.

6. ____. Direct contempt may be punished summarily.

7. **Contempt: Courts.** The power to punish for contempt is incident to every judicial tribune, derived from its very constitution, without any expressed statutory aid and inherent in all courts of record.

8. ____: ____. A court's inherent authority to punish contempt is not circumscribed by statute.

9. ____: ____. A court possesses the inherent authority to dismiss an action for direct contempt.

10. **Courts.** It is the court's duty to prevent frivolous proceedings in the administration of justice.

11. **Constitutional Law: Courts: Actions.** While there is a generally recognized constitutional right of access to the courts, courts can place restrictions on such access in order to prevent the abuse of the judicial process, to avoid unnecessary delay in the prosecution of actions, and to guard against actions that are frivolous or malicious.

12. **Affidavits.** In forma pauperis access to the courts is generally not a matter of right, but a privilege, and abuse of such privilege should not and will not be permitted.

Petitions for further review from the Court of Appeals, on appeal thereto from the District Court for Lincoln County, Patrick M. Heng, Judge. Judgment of Court of Appeals affirmed.

Hope Npimnee, pro se.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, Bergevin, and Vaughn, JJ.

Per Curiam.

## INTRODUCTION

After the Nebraska Court of Appeals summarily dismissed these four appeals brought by Hope Npimnee, he sought further review. We granted his petitions, consolidated the appeals for disposition, and submitted them without oral argument.[1] We affirm the decision of the Court of Appeals and, pursuant to this court's inherent and general administrative authority,[2]

---

[1] See Neb. Ct. R. App. P. § 2-111(B)(1)(a) (rev. 2022).

[2] See Neb. Const. art. V, § 1.

set forth additional measures to address Npimnee's repeated abuses of the judicial system.

## BACKGROUND

In each of these four cases, Npimnee filed a complaint in the district court for Lincoln County. Cases Nos. S-26-215, S-26-217, and S-26-218 sought damages for legal malpractice. Case No. S-26-219 sought damages from officers and officials with the Nebraska Department of Correctional Services based upon the alleged theft or confiscation of Npimnee's personal property.

In each case, the district court entered an order denying Npimnee's application to proceed in forma pauperis (IFP) on the basis that each complaint asserted a legal position that was frivolous. Npimnee filed an appeal in each case, and the district court allowed Npimnee to proceed IFP on appeal.[3]

The Court of Appeals summarily dismissed each appeal. Its minute entry stated in part:

> Appellant had previously dismissed his properly perfected appeals in A-25-711, A-25-715, A-25-716, A-25-717. The dismissal of a properly perfected appeal from an appellate court without an examination of the case upon its merits operates as an affirmance of the judgment appealed or attempted to be appealed from. [Citations omitted.] Claims contained in these types of cases are res judicata and generally may not be relitigated.

Npimnee timely filed a petition for further review in each appeal. Although highly unusual, we granted the petitions solely to assume jurisdiction over the appeals in order to properly address Npimnee's abuse of the judicial process.

---

[3] See *Mumin v. Frakes*, 298 Neb. 381, 904 N.W.2d 667 (2017) (noting that trial courts have authority to deny IFP applications when applicant has sufficient funds or is asserting frivolous or malicious legal positions, but if IFP application is denied and applicant wishes to seek interlocutory appellate review of such denial IFP, trial court must grant request).

## ASSIGNMENT OF ERROR

Npimnee does not clearly assign any error to the Court of Appeals' disposition.[4] He asserts that "res judicata does not apply, unless the appellate court wants to create new caselaw which explicitly deprives the lower courts the authority to consider successive IFP applications."

## STANDARD OF REVIEW

[1] Nebraska courts, through their inherent judicial power, have the authority to do all things necessary for the proper administration of justice.[5]

## ANALYSIS

Npimnee's petitions for further review demonstrate a purpose to be disruptive and insulting to the Nebraska judiciary and to do so at the expense of Nebraska taxpayers. After discussing the authority of the courts in this state, we exercise our inherent authority to address these petitions and future filings by Npimnee.

## COURT'S INHERENT AUTHORITY

[2,3] The Nebraska Supreme Court has been charged with administering the system of justice by exercising managerial authority over the inferior courts. Through its inherent judicial power, the Nebraska Supreme Court has authority to do all things that are reasonably necessary for the proper administration of justice, whether any previous form of remedy has been granted or not.[6] Courts are charged with the duty of guarding their proceedings against everything which interferes with the orderly administration of justice.[7]

---

[4] See Neb. Ct. R. App. P. § 2-102(F)(3) (rev. 2022).

[5] *Ricker v. Nebraska Methodist Health Sys.*, 319 Neb. 628, 24 N.W.3d 344 (2025).

[6] *In re Estate of Reed*, 267 Neb. 121, 672 N.W.2d 416 (2003).

[7] *Id.*

## AUTHORITY TO PUNISH DIRECT CONTEMPT

[4] Npimnee's petitions use profane language when referring to this court. We intentionally omit quotation of the profanity. Insolent, insulting, or notorious language directed at the court constitutes grounds for a finding of contempt.[8]

[5,6] By filing such petitions, Npimnee committed acts of direct contempt. Direct contempt occurs in the presence of the court, so that the court has personal knowledge of the facts and has no need to inform itself of them by using witnesses or other evidence.[9] Direct contempt may be punished summarily.[10]

[7-9] The power to punish for contempt is incident to every judicial tribune, derived from its very constitution, without any expressed statutory aid and inherent in all courts of record.[11] The court's inherent authority to punish contempt is not circumscribed by statute.[12] A court possesses the inherent authority to dismiss an action for direct contempt.[13] As punishment for Npimnee's direct contempt, we strike his petition for further review in each case.

## ABUSE OF APPELLATE PROCESS

Npimnee's petitions show that he is not truly seeking legal redress. He confesses that "these proceedings are [not] consequential to [him]" and that he uses them "to practice a little bit of law, kill a lot of prison time, get some intellectual stimulus, and force you [expletive deleted] to read my squabble."

We take judicial notice of the fact that over the past 3 years, Npimnee has filed 34 appeals directed to the Court of Appeals. Of course, those cases first had to be addressed by our trial courts. Before the trial court and on appeal, Npimnee

---

[8] *Tyler v. Heywood*, 258 Neb. 901, 607 N.W.2d 186 (2000).

[9] *Id.*

[10] *Id*.

[11] *Id*.

[12] *Id.*

[13] See *Pressey v. State*, 173 Neb. 652, 114 N.W.2d 518 (1962).

proceeded as a self-represented litigant and sought to do so IFP, i.e., without prepayment of fees, costs, and expenses. At the trial court level, IFP status was often denied in an order finding that the complaint asserted a legal position that was frivolous or malicious. Then, upon Npimnee's appeal of such order, he was allowed to proceed IFP.[14]

[10,11] Two duties of this court are implicated. First, it is the court's duty to prevent frivolous proceedings in the administration of justice.[15] While there is a generally recognized constitutional right of access to the courts, courts can place restrictions on such access in order to prevent the abuse of the judicial process, to avoid unnecessary delay in the prosecution of actions, and to guard against actions that are frivolous or malicious.[16]

[12] Second, a court must not allow IFP access to be abused. "In forma pauperis access to the courts is generally not a matter of right, but a privilege, and 'abuse of such privilege should not and will not be permitted.'"[17] Neb. Rev. Stat. § 25-2301.02 (Reissue 2016) allows all courts to deny leave to proceed IFP when the court concludes that the party filing the IFP application "is asserting legal positions which are frivolous or malicious."

Because it would be a dereliction of duty to allow Npimnee to continue, unfettered, filing frivolous appeals and abusing IFP access, we have entered an administrative order imposing reasonable and necessary procedures to address Npimnee's abuses. A copy of its content is set forth in the appendix attached hereto and incorporated herein by reference.

---

[14] See *Mumin v. Frakes, supra* note 3.

[15] *Cole v. Blum*, 262 Neb. 1058, 637 N.W.2d 606 (2002); *State ex rel. Tyler v. Douglas Cty. Dist. Ct.*, 254 Neb. 852, 580 N.W.2d 95 (1998).

[16] *State ex rel. Tyler v. Douglas Cty. Dist. Ct., supra* note 15.

[17] *Cole v. Blum, supra* note 15, 262 Neb. at 1061, 637 N.W.2d at 609, quoting *State ex rel. Tyler v. Douglas Cty. Dist. Ct., supra* note 15.

CONCLUSION

Having struck the petition for further review in each case as a sanction for Npimnee's direct contempt, we affirm the decision of the Court of Appeals.

Affirmed.

**APPENDIX**

Since August 2023, Hope Npimnee has filed 34 appeals directed to the Nebraska Court of Appeals. In each case, Npimnee has sought leave to proceed in forma pauperis (IFP). Ten of Npimnee's appeals have been dismissed for lack of jurisdiction. See cases Nos. A-23-599, A-24-209, A-24-245, A-24-246, A-25-016, A-25-088, A-25-374, A-26-061, A-26-062, and A-26-216. In six cases, Npimnee's appeals were dismissed at his request. See cases Nos. A-25-303, A-25-711, A-25-715 through A-25-717, and A-25-740. Seven appeals have been disposed of summarily. See cases Nos. A-24-983, A-25-472, A-25-554, A-26-215, and A-26-217 through A-26-219. And three appeals have resulted in a memorandum opinion that affirmed the district court's denial of IFP status because Npimnee's complaint was frivolous. See cases Nos. A-24-461, A-25-712, and A-25-714. Thus far, Npimnee has filed a petition for further review to this court in seven cases. See cases Nos. A-24-461, A-25-199, A-25-374, A-26-215, and A-26-217 through A-26-219.

Each year, hundreds of thousands of cases are filed in Nebraska state courts. Litigants turn to the Nebraska judiciary to resolve real issues. But our courts do not have unlimited resources. "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *In re Sindram*, 498 U.S. 177, 179-80, 111 S. Ct. 596, 112 L. Ed. 2d 599 (1991).

This court recognizes the constitutional right of access to all courts in Nebraska. However, that access guaranteed to all citizens is threatened where an individual abuses the

judicial system with frivolous or malicious litigation. The U.S. Supreme Court explained that self-represented litigants "have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions." *Id*., 498 U.S. at 180.

It is this court's duty to prevent frivolous proceedings in the administration of justice. Thus, the U.S. Supreme Court has stated that because frequent and frivolous suits unsettle the fair administration of justice, it "ha[d] a duty to deny in forma pauperis status to those individuals who have abused the system." *Id.* (emphasis omitted). Further, if a court filing is abusive or contains offensive language, it may be stricken sua sponte under the court's inherent powers. See, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836 (10th Cir. 2005); *Phillips v. Carey*, 638 F.2d 207 (10th Cir. 1981).

In order to carry out our constitutional duty to exercise general administrative authority over all courts in this state,

IT IS HEREBY ORDERED:

1. Each application or appeal submitted by Npimnee for filing in forma pauperis shall be accompanied by an affidavit in support of leave to proceed in forma pauperis, which shall be supported by a copy of Npimnee's inmate account statements for the 12 months preceding the submission of the filing, certified by an appropriate official at the Nebraska Department of Correctional Services.

2. In each new application or appeal submitted for filing, Npimnee shall set forth therein (a) whether an action had been filed in any other court alleging the same facts or claims, or related facts or claims as those contained in the application or pleadings submitted for filing in the Nebraska Supreme Court, and, if so, (b) Npimnee shall submit a copy of the pleadings from such other court as may be applicable, together with a copy of the court's ruling thereon, if any.

3. All inferior courts may consider gratuitous use of profane and abusive language by Npimnee as direct civil contempt and exercise statutory or inherent authority to strike any pleadings or other filings containing such language.

4. All inferior courts may use any statutory remedy, including Neb. Rev. Stat. § 25-824(1) (Reissue 2016), to prevent filings made in bad faith or other remedies available to ensure proper administration of justice and to guard against the interfering with the orderly administration of justice, including setting reasonable limits on court filings.

5. Nothing in this order shall prohibit Npimnee from proceeding with the representation of any attorney licensed to practice law in Nebraska or by paying the required filing fees.